JANTZEN KNITTING MILLS v. WEST COAST KNITTING MILLS.*

Patent Appeal No. 2503.

Court of Customs and Patent Appeals.

Jan. 12, 1931.

*For opinion denying rehearing, see 47 F.(2d) 954.

**BLAND** and **HATFIELD**, Associate Judges, dissenting.

Eugene E. Stevens, of Washington, D. C. (Edward D. Jones, of Chicago, Ill., and Albert L. Jacobs, of Washington, D. C., of counsel), for appellant.

Albert J. Fihe, of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming a decision of the Examiner of Interferences, dismissing an opposition filed by appellant against the application of appellee for registration of a trade-mark for bathing suits, comprising a representation of a girl attired in a bathing suit, cap, and shoes about to dive from a springboard into water. The notation "Hollywood" appears over this representation, which notation, however, is disclaimed apart from the mark shown. The mark is used by appellee as a trade-mark for swimming suits.

Appellant claims prior use upon the same kind of goods of a trade-mark comprising a girl with arms and limbs extended, attired in a bathing suit, cap, and stockings, appearing to be in the air as in the act of diving. Appellant further pleads ownership of three registrations, No. 193298, dated December 23, 1924, No. 194451, dated January 27, 1925, and No. 213637, dated June 1, 1926. In each of the marks here under consideration approximately one-half of the figure of the girl is covered by a swimming suit.

Both parties took testimony, and the Patent Office tribunals found that appellant adopted and had continuously used its mark from a date over a year and a half prior to the earliest date that appellee alleged adoption and use of its mark. This was conceded upon the argument of the case before us. The goods upon which the marks are used are identical, and the only issue before us is whether or not the marks of the respective parties are confusingly similar within the meaning of section 5 of the Trade-Mark Act of 1905 (15 USCA § 85). The Patent Office tribunals concurred in finding that they are not, and it was upon that ground that the opposition was dismissed.

The Commissioner, in his decision affirming the decision of the Examiner, said:

"The opposer has shown large expenditures in advertising, the creation of a large business in connection with which its mark has been used and, presumably, is in possession of a valuable good will as an asset to its business. It being the first in the field, doubts, if any exist, in accordance with the usual rule, must be resolved against the late comer.

"The specimens showing the actual use of the applicant's mark indicate the bathing suit to be of a different color from that adopted by the opposer. It is in evidence, however, that the applicant in some instances uses red or orange as the color of the bathing suit exhibited in its mark. The opposer usually employs red as the color of the swimming

suit as well as the cap and stockings shown upon the figure. To this extent, there is some similarity in the two marks here under consideration. It must be noted that the respective representations of the figures in the two marks are quite dissimilar. There is nothing in the position of the figure of the applicant's mark which suggests the very unusual attitude or position of the figure of the opposer's mark. It may be truly said that both represent a diving girl but beyond this, except as to the color above noted, the similarity ends. Unless it can be held the opposer is entitled to the broadest possible interpretation of its trade mark rights in connection with the representation of a female figure wearing a bathing suit and in the act of diving, or even in the position preliminary to making a dive, opposer can not succeed in the instant case. It is in evidence, applicant's record page 19 and exhibits 7 to 13, that the pictorial representation of a girl clad in a swimming suit has been used by others before either of the instant parties entered the field. It may be said that such a representation could not be appropriated in any event as a trade mark for such goods since such a representation would be merely that of the goods themselves in the position in which they are ordinarily used and others engaged in this same business would have a right to so illustrate their goods. These facts, therefore, lead to the conclusion that the differences between the particular representations of the girls and their positions are such that confusion in trade would not be likely. Only in a broad sense can both marks be said to represent a diving girl since in one instance, that of the opposer, the girl is in the air, and in the other instance, that of the applicant, the girl is standing up upon the end of a plank or board."

Appellant contends that the Commissioner erred in refusing to give a broad interpretation of its trade-mark rights in connection with the representation of a female figure wearing a bathing suit and in the act of diving, and insists that, as it was first in the field to use a diving girl as a trade-mark for swimming suits, it is entitled to the exclusive use of such representation as a trade-mark for such merchandise. If appellant is correct in this contention, the decision of the Patent Office should be reversed.

The first question, therefore, is whether appellant is, as a matter of law, entitled to the broad interpretation which it claims for its trade-mark. It will be observed that its trade-mark consists of the figure of a girl in the posture heretofore stated, clad only in a swimming suit, with cap and stockings. Appellant concedes that appellee has the right to adopt as a trade-mark the figure of a girl upon which to illustrate its swimming suits, but contends that no figure of a diving girl can be lawfully so used because of its prior rights to the exclusive use of such figure.

We do not think that appellant has a right to monopolize the figure of a diving girl clad in a swimming suit. It is a well-settled principle of trade-mark law that a mere representation of the merchandise on which the mark is used cannot be adopted as a trade-mark. Bristol Co. v. Graham (C. C. A.) 199 F. 412; Ex parte American Paint & Color Co., 4 T. M. R. 40.

The reason for this rule is that such a mark indicates nothing in the nature of origin or ownership of the articles to which it is affixed. In Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 S. Ct. 270, 273, 45 L. Ed. 365, the court, discussing the nature of a trade-mark, said:

"The term has been in use from a very early date, and, generally speaking, means a distinctive mark of authenticity, through which the products of particular manufacturers or the vendible commodities of particular merchants may be distinguished from those of others. It may consist in any symbol or in any form of words, but as its office is to point out distinctively the origin or ownership of the articles to which it is affixed, it follows that no sign or form of words can be appropriated as a valid trade-mark which, from the nature of the fact conveyed by its primary meaning, others may employ with equal truth and with equal right for the same purpose."

A representation of the goods themselves may, however, if incorporated with other features of a mark which are sufficiently arbitrary and distinctive as in themselves to indicate origin or ownership of the goods to which they are affixed, be adopted as a trademark.

An illustration of such a mark being allowed registration is found in Ex parte Cooper Underwear Co., 130 Ms. Dec. 325, 9 T. M. R. 525, where the mark consisted of the representation of a woman sitting upon a couch, having a wrapper draped in such manner as to reveal in part the knitted underwear which she wears, a child, also dressed in knitted underwear, sitting beside her, while another, similarly clad, stands upon one foot on the opposite side. The woman is represented as reading from a book. The

registration was allowed for use on woven and knitted underwear for men, women, and children, and for socks. The Commissioner of Patents in his decision said:

"If applicant's picture were merely a picture of its underwear, it would be clearly unregistrable. But it is an arbitrary, artistic arrangement of details in which the illustration of the goods is only one of many features. The couch, the woman reading from a book to the two children, convey an idea distinct from the underwear, and while any manufacturer is entitled to illustrate his underwear garments per se, he is not entitled to monopolize the arbitrary matter in applicant's picture, and there is enough of this matter to take this mark away from a mere representation of applicant's goods."

In Ex parte Thompson Piano Mfg. Co., 130 Ms. Dec. 311, 9 T. M. R. 523, a representation of a grand piano and a woman standing by the piano polishing the same was granted registration as a trade-mark for furniture polish; the Commissioner of Patents holding that there was sufficient arbitrary matter to warrant allowance of the mark.

In Ex parte Scholl Mfg. Co., 130 Ms. Dec. 113, 9 T. M. R. 321, a mark for instep arch supports, consisting of a perspective view of the underside of a foot supported on a mechanical arch, held in turn by a hand, was refused registration upon the ground that it was descriptive.

As heretofore observed, the swimming suits appearing upon appellant's and appellee's marks both cover approximately one-half of the respective figures of the girls. We think it is clear that the only ground upon which either is registrable is that it has such distinctive elements that its registration does not in fact preclude others manufacturing similar goods from illustrating the same upon girls in a diving, swimming, or any other general position in which a girl clad in a swimming suit would ordinarily be seen; the only limitation upon such manufacturer would be that he would have no right to illustrate swimming suits made by him upon the figure of a girl, employing in such representation arbitrary features which had theretofore been adopted by another as a trade-mark, or so closely resembling the same as to cause confusion in the mind of the public.

We hold, therefore, that appellant's trade-mark rights are limited to the figure of a girl in substantially the position shown in its registered mark, and not to the figure of a diving girl generally.

We think that the representation of a diving girl wearing a swimming suit is generic in character, and the registration of such a representation as a trade-mark cannot exclude others from using any representation of a diving girl wearing a swimming suit, but only from using the representation of a diving girl in substantially the same position and posture as that shown by its mark. The test of similarity producing confusion is therefore not whether the two marks represent diving girls, but whether the appearance or position which gives to appellant's mark its exclusive right has been so nearly simulated by appellee in its mark as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers.

Applying this test to the two marks in issue, we are clear that the resemblance is not such as to prevent registration of appellee's mark. We think no purchaser would confuse the posture of a girl with arms and limbs extended, as in the act of diving through the air, with the posture of a girl standing on a diving board with her arms held back as if about to spring or dive into water. We may add that the diving board adds further distinctiveness to appellee's mark.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

BLAND, Associate Judge (dissenting).

I cannot agree either in the conclusion reached or the reasoning employed in the decision of the majority, for the reason, chiefly, that it permits the registration of appellee's trade-mark, when, to me, it is obvious that confusion, within the meaning of the trade-mark statute, will result. The opinion of the majority seems to rest chiefly upon the rights existing between the parties, and takes no consideration of the public's rights with reference to confusion.

If the diving girl trade-mark of appellant is a valid one and entitled to registration, it would seem that appellee's trade-mark should not be registered for use on goods of the same descriptive properties, since the trade-marks so nearly resemble each other as to be likely to cause confusion or mistake in the mind of the public and will deceive purchasers. If the trade-mark of appellant is invalid, it ought not to have been registered, and of course the same applies to appellee's trade-mark which so nearly resembles it.

Furthermore, if the reasoning employed by the majority as to the scope of protection afforded to appellant for his trade-mark is conceded, and if its validity is conceded, I would have to differ with the majority in the conclusion that "no purchaser would confuse the posture of a girl with arms and limbs extended, as in the act of diving through the air, with the posture of a girl standing on a diving board with her arms held back as if about to spring or dive into water." The ordinary purchaser of bathing suits, seeing a diving girl, clad in a bathing suit, in the act of diving, would hardly study the exact posture of the diving girl and compare it with the posture of another similar diving girl.

The effect of the majority holding will probably be that trade-marks of many different kinds, representing diving girls, in bathing suits, in slightly different postures, will be registered, resulting in conditions which Congress sought to prevent.

HATFIELD, Associate Judge, concurs in the dissenting opinion.