## In re PIERCE ARROW MOTOR CAR CO.
### Patent Appeal No. 2870.

Court of Customs and Patent Appeals.
Jan. 8, 1932.

Edward R. Alexander, of Cleveland, Ohio, Thomas L. Mead, Jr., of Washington, D. C. (Browne & Phelps, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT; and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming the action of the Examiner of Trade-Marks in refusing to register, as a trade-mark for automobile vehicles and their component parts, a pictorial representation of the front end of an automobile inclosed within a hexagonal border. A copy of the application, other than the statement required by the rules of the Patent Office, is not found in the record, but it seems to be conceded that it was filed under the provisions of the Trade-mark Registration Act of February 20, 1905 (15 USCA §§ 81–109).

In the record we find, in the statement of the Examiner, the following: " * * * The representation of the automobile is disclaimed apart from the mark shown."

In the decision of the Commissioner we find the statement that: "The applicant has disclaimed any exclusive use of the representation of the front end of the automobile vehicle apart from the mark as shown. * * * "

Appellant challenges the accuracy of these statements, and contends that the disclaimer was not of "the automobile shown," but of "the front end of an automotive vehicle apart from the mark shown in the drawing."

The disclaimer is not a part of the record, except that in the reasons of appeal error is alleged:

"(7) In holding that applicant's disclaimer: 'Without waiver of any of its common law rights, applicant hereby disclaims the exclusive use of the representation of the front end of an automotive vehicle apart from the mark shown in the drawing,' is a disclaimer of the automotive vehicle shown in the drawings."

The disclaimer, whatever it was, should, of course, have been made a part of the record in order for us to consider this reason of appeal. However, for the purposes of this case, we may assume that appellant's contention as to the wording of the disclaimer is correct.

Registration of the mark was refused by the Patent Office tribunals upon the ground that the mark is descriptive of the goods to which it is applied. Accordingly, the application was rejected, and from such rejection this appeal is taken.

Appellant contends: (1) That the representation of the front end of any automobile is a representation of appellant's "own unique automobile"; (2) that the use of the hexagonal figure inclosing the representation of the front end of the automobile makes the mark a composite one, and, as such, it does not consist "merely in devices which are descriptive of the goods with which they are used. * * * "

In its brief appellant states: "Applicant's motor cars are identified the world over by the peculiar and unique mounting of the headlights on the front fenders, with the shell of the lamp body flowing back and merging in the crown of the fender with a graceful streamline effect. This constitutes a valuable common law right the ownership of which the Patent Office has no authority to deprive applicant. For this reason applicant made disclaimer of 'an automotive vehicle,' and not of—the motor vehicle—as stated by the First Assistant Commissioner."

Assuming that the foregoing statement as to the characteristics of appellant's motor cars is correct, although there is no proof in the record to support it, appellant does not advise us of the nature of the common-law right claimed by him, or how the rejection of his application would deprive him of his common-law rights, if he has any.

In the case of B. F. Goodrich Co. v. Kenilworth Mfg. Co., 40 F.(2d) 121, 122, 17 C. C. P. A. 1105, we said: "The duty of the Commissioner and of this court on appeals from the Commissioner, in all cases, is simply to determine whether an application meets the statutory requirement so as to be entitled to registration. Registration being granted or refused leaves the parties in interest, with their rights and equities, under the common law, legally unaffected, except as they may be enforced under sections 16 and 17, 15 USCA §§ 96 and 97."

█ So far as the issue here is concerned, we can see no merit in appellant's contention that there is any distinction between a representation of the automobile made by appellant and a representation of an automobile. In either case the representation is purely descriptive, and it is immaterial, so far as registration is concerned, that the representation shown in appellant's mark is descriptive of only the automobile made by it. Standing alone, the representation here involved is of the class which consists "merely in * * * devices which are descriptive of the goods with which they are used," and registration thereof is barred by section 5 of said Trade-Mark Registration Act (15 USCA § 85).

█ With regard to appellant's second contention, that the combination of the hexagonal figure and the pictorial representation makes the mark a composite one which is not "merely" descriptive, we are clear that it is without merit.

In the brief of appellant it is stated that: "Applicant has given a setting to this distinctive feature of its goods by adopting a hexagonal figure as a frame. *This was done to create a pictorial field and a hexagonal frame was adopted because it tends to enhance the perspective of the unique front of applicant's car.* Applicant was fully aware that others had used a hexagon in connection with automobiles and parts thereof. It knew that such use was so common that this well known geometric figure was *publici juris*, the same as are squares, ovals, ellipses, circles, rhombs, crescents, stars, and the like. But applicant is not seeking to register this common geometrical figure. It is seeking to register a composite mark. * * *" (First italics ours.)

The foregoing is a frank statement of the purpose of the use of the hexagonal figure.

That a composite mark should be considered as a whole and not dissected is well es-tablished. The Celotex Co. v. Millington, 49 F.(2d) 1053, 18 C. C. P. A. 1484.

In the case of In re Plymouth Motor Corporation, 46 F.(2d) 211, 18 C. C. P. A. 838, we had occasion to consider the meaning of the word "merely" as used in section 5 of the Trade-mark Registration Act of February 20, 1905, and we there cited the case of Hercules Powder Co. v. Newton (C. C. A.) 266 F. 169, 172, which held that "'merely descriptive' means only descriptive, or nothing more than descriptive."

Viewing appellant's mark as a whole, it is clearly "merely" descriptive. The observer of the mark would attach no importance to the hexagonal figure, admittedly in common use, and its only purpose is more clearly to call attention to the pictorial representation of the automobile, thus emphasizing the descriptiveness of the mark, or, to use the language of appellant's brief, "enhance the perspective of the unique front of applicant's car."

We are clear that appellant's mark is merely descriptive of the goods to which it is applied, and the decision of the Commissioner of Patents is affirmed.

Affirmed.