## CORRECT PRINTING CO., Inc., v. RAMAPO RIVER PRINTING CO., Inc., et al.

### HAYES v. SAME.

District Court, S. D. New York
Oct. 26, 1934.

Harry Price, of New York City (Dean, Fairbank, Hirsch & Foster, of New York City, of counsel), for plaintiffs.

Joseph Sussman, of New York City, for defendants Ramapo River Printing Co., Inc., Automatic Sales Producers, Inc., Samuel L. Unger, and Helen Unger.

COXE, District Judge.

These are suits for trade-mark infringement and unfair competition, and the present motion is for a preliminary injunction.

The plaintiffs are manufacturers or distributors of a return post card folder of distinctive arbitrary shape and form, which was originally designed in 1931 by the plaintiff, Correct Printing Company, Inc. This folder has been sold by the plaintiffs in large quantities since 1931, under the description "Automatic Post Card Folder." On November 14, 1933, the plaintiff, Correct Printing Company, Inc., registered the trade-mark "Automatic," as applied to the folder (No. 307,933); and on January 9, 1934, secured an additional registration as a trade-mark of a miniature outline of the folder itself (No. 309,304). The folders now sold by the plaintiffs display both of these trade-marks.

In February, 1933, the defendant, Samuel L. Unger, brought out a post card folder identical in shape and form to the "Automatic" folder being sold by the plaintiffs. Unger had previously secured the registration as a trade-mark of the words "Sales Producers" (No. 196,660); and on February 28, 1933, he organized the defendant Automatic Sales Producers, Inc., for the purpose of marketing his product. He insists that he

had no knowledge of the plaintiffs' folder at the time, but I am convinced from a careful reading of the affidavits that he deliberately copied the plaintiffs' distinctive design of folder, and appropriated the trade-mark "Automatic," in order to reach the plaintiffs' customers. His subsequent conduct in representing to the trade that the defendant Automatic Sales Producers, Inc., was entitled to patent protection under expired or entirely irrelevant patents, and in threatening prosecution for patent infringement, was a palpable fraud; and no amount of legal sophistry can extenuate such trade practices. Clearly, it was unfair competition, which the plaintiffs have just cause to complain about.

■ The post card folder forming the basis of the litigation is entitled to no patent protection whatever; it is neither patented, nor is it patentable; and any claim of patent protection is entirely unwarranted. The unauthorized use of nonfunctionable elements may, however, be restrained in a proper case as unfair competition. Yale & Towne Mfg. Co. v. Alder (C. C. A.) 154 F. 37; Rushmore v. Manhattan Screw & Stamping Works (C. C. A.) 163 F. 939, 19 L. R. A. (N. S.) 269; Rushmore v. Badger Brass Mfg. Co. (C. C. A.) 198 F. 379; Wesson v. Galef (D. C.) 286 F. 621. I think this is a proper case for the application of that principle, inasmuch as the defendants, knowingly, have seen fit to copy in exact detail all of the nonfunctionable elements of the plaintiffs' folder.

■ The right of the plaintiffs to the use of the trade-mark "Automatic" is also clearly established; and the mere inclusion of the word in the corporate name of the defendant Automatic Sales Producers, Inc., furnishes no protection. Alfred Dunhill of London v. Dunhill Shirt Shop (D. C.) 3 F. Supp. 487; Peck Bros. & Co. v. Peck Bros. Co. (C. C. A.) 113 F. 291, 62 L. R. A. 81. Nor does the change to Reply-O-Matic avoid infringement. National Biscuit Co. v. Baker (C. C.) 95 F. 135.

■ The plaintiffs' second trade-mark, consisting of the outline of the miniature folder, is unobjectionable purely as a trade-mark, but obviously it gives no exclusive rights to the manufacture or sale of the folder itself. I think, therefore, that the legend on the plaintiffs' folder is misleading, as it carries the impression that the shape and design of the folder are protected.

■ The contention of the defendants that relief should be denied because of laches is without merit. Wesson v. Galef (D. C.) 286 F. 621, 626.

The motion of the plaintiffs is granted, and a preliminary injunction may issue against the defendants, Automatic Sales Producers, Inc., Samuel L. Unger, and Ramapo River Printing Company, Inc., enjoining them (1) from further imitating or copying the distinctive arbitrary shape and form of plaintiffs' post card folders, and (2) from utilizing registered trade-marks, Nos. 307,933 and 309,304, and (3) from further representing to the trade, by incorrect patent markings, or otherwise, that the defendants have patent protection, and that plaintiffs' customers and prospective customers are subject to suits for infringement.