CORRECT PRINTING CO., Inc., et al. v.
RAMAPO RIVER PRINTING CO.,
Inc., et al.

District Court, S. D. New York.
May 1, 1936.

574

Harry Price, of New York City, for plaintiff.

Maxwell N. Rudaw, of New York City, for defendants Automatic Sales Producers, Inc., Samuel L. Unger, and Helen Unger.

PATTERSON, District Judge.

The Correct Printing Company Case is one for infringement of registered trademark. The Hayes suit is for unfair competition, Hayes being a dealer in Massachusetts who handled the Correct Printing Company product. Jurisdiction in the latter suit is based on diversity of citizenship. The two cases were commenced at the same time and were tried together. A preliminary injunction was given to the plaintiff in both cases by Judge Coxe. (D.C.) 9 F.Supp. 165.

The Correct Printing Company introduced a return post card folder in 1931, calling it "Automatic Post Card Folder." Folders of the general type have long been used for advertising purposes. They are made to be mailed and carry a detachable card which the addressee may detach and mail back to the advertiser. The folder put out by the Correct Company was different in size and shape from any that had preceded it. A substantial business was developed. In 1933 it registered the trade-mark "Automatic" as applied to the folder, having used the word as a trade-mark since 1931. It also registered as a trade-mark a small outline of the folder itself. Hayes handled the product in the New England territory and made a number of sales.

In 1933 the defendant Samuel Unger organized a corporation, Automatic Sales Producers, Inc. The corporation promptly put on the market a folder of precisely the same shape, dimensions, and features as the "Automatic" folder. Although Unger claims that the identity was a sheer coincidence, I am convinced from the testimony of Ritterband, a witness for the plaintiffs, that Ritterband had called the Correct Company's folder to Unger's notice a short time before Unger entered the field and that Unger copied the Correct Company's folder deliberately. Automatic Sales Producers, Inc., then commenced to circularize the trade, to the effect that its folder was patented and that all who used any similar folder would be prosecuted. The tone of the circular was offensive, truculent, and designed to frighten rather than to warn. The so-called patent protection came from a patent that had expired many years before and from a patent that obviously had no bearing. An appearance of reality was given to the threat, however, by printing in the circular an "actual photograph" of a hand holding letters patent opened so as to display the page of drawings in the patent. One of the drawings was of a folder exactly like that made by the Correct Company and by Automatic Sales Producers. The patent so photographed was one granted to Unger and did not even purport to cover such a folder. The average reader, however, would be impressed by the drawing and would have no way of knowing that the patent claims were foreign to a folder of this sort. Such competition had a serious effect on the business of the Correct Company and of Hayes.

First, as to infringement of the trade-marks, raised in the Correct Company suit. The trade-mark "Automatic" is valid as applied to a folder like this one. It is suggestive, not descriptive. The folder has no features that are "automatic," "self-acting." Infringement of the mark by Automatic Sales Producers and Unger was clearly shown. The other trade-mark, that of the miniature outline of the folder, is invalid. It is a device descriptive of the shape and form of the article on which it is used and cannot be appropriated as a

trade-mark. Goodyear Tire & Rubber Co. v. Robertson (C.C.A.4) 25 F.(2d) 833; Jantzen Knitting Mills v. West Coast Knitting Mills (Cust. & Pat.App.) 46 F.(2d) 182; In re Pierce Arrow Motor Car Co. (Cust. & Pat.App.) 55 F.(2d) 434. The vice of such a mark is plainly revealed by what happened in this case. The Correct Company seems to have been advised by counsel and to have believed that the registration of the mark gave it exclusive right in the shape and design of the article itself, somewhat as if these features had been patented. The cause of action for infringement of this trade-mark will be dismissed.

■ Second, on unfair competition, raised by the Hayes suit. The slavish copying of the size, shape, and appearance of the Correct Company's folder is an unfair practice, designed to confuse the public on the two products. These elements of the plaintiff's folder are nonfunctional, and their exact copying may be enjoined. Yale & Towne Mfg. Co. v. Alder (C.C.A.2) 154 F. 37; Rushmore v. Manhattan Screw & Stamping Works (C.C.A.2) 163 F. 939, 19 L.R.A.(N.S.) 269. The circular in which the defendants claimed patent protection for their folder and warned every one against using any other folder is an unfair practice of the most flagrant sort. Emack v. Kane, 34 F. 46 (C.C.Ill.). The defendants knew that they had no patent on the folder. They had no intention of carrying out the threat of punishing all who dealt with competitors; they knew that they had not the power. Judge Coxe characterized such conduct as "a palpable fraud" which "No amount of legal sophistry can extenuate" (9 F.Supp. 165, 166), and I heartily concur.

It is said that the Hayes suit must be dismissed for lack of jurisdiction, on the ground that less than $3,000 is involved. It is true that Hayes had not developed a large volume of business in the Correct Company's folders. But it does not follow that he was not damaged to the extent of $3,000 by the defendants' ruthless tactics. There is sufficient involved to satisfy jurisdictional requirements.

■■ The defense of "unclean hands" is put forth. The fact that the Correct Company once or twice in 1931 referred to its folder as "patented" will not serve. The incident is too stale. These suits were brought in 1934. The "unclean hands" doctrine is applied to the situation existing at the time of suit. Coca-Cola Co. v. Koke Co., 254 U.S. 143, 41 S.Ct. 113, 65 L.Ed. 189; Recamier Mfg. Co. v. Harriet Hubbard Ayer, Inc., 59 F.(2d) 802 (D.C.N.Y.). The legend on the Correct Company folder, to the effect that shape, design, and trade-marks were protected by the trade-marks registered in the Patent Office, comes closer. That practice continued down to the time of suit. But while the statement was certainly not true as to protection of shape and design, I cannot say that it was not made honestly. The Correct Company may have thought that its trade-mark on the emblem indirectly gave it an exclusive right to the shape and design. The case is not one for application of the "unclean hands" rule.

In both suits there will be a decree against Automatic Sales Producers, Inc., and Samuel Unger to the extent indicated in this opinion. The bills will be dismissed as to Ramapo River Printing Company and Helen Unger. The decrees will be settled on notice.