34 C.C.P.A.(Patents)

## BARRON–GRAY PACKING CO. v. BRUCE'S JUICES, Inc.

### Patent Appeal No. 5296.

Court of Customs and Patent Appeals.
June 3, 1947.

Moore, Olson & Trexler, of Chicago, Ill. (Ballard Moore and Curtis F. Prangley, both of Chicago, Ill., of counsel), for appellant.

Mason, Fenwick & Lawrence, of Washington, D. C. (Edward G. Fenwick and Charles R. Fenwick, both of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This appeal, in a trade-mark cancellation proceeding, is from a decision of the Commissioner of Patents, affirming that of the Examiner of Interferences, dismissing the petition of appellant for cancellation of the registration of appellee's trade-mark, which is a picture of three oddly shaped figures of little men waiters, each carrying a tray upon which appears to be a glass of fruit or vegetable juice.

The mark, registration No. 374,765, is applied to "Canned Fruit and Vegetable Juices" and has been so used in appellee's business since March 1938.

The litigation stems from two opposition proceedings initiated by appellee against the registration of two trade-marks by appellant, one depicting two animated apricots apparently toasting each other, as applied to canned apricot juice, and the other a picture of two prunes doing likewise, as applied to canned prune juice. Appellee, in its notices of opposition, relied upon its registered mark involved herein. The Examiner of Interferences sustained both oppositions, holding that the marks sought to be registered were confusingly similar to the registered mark of appellee. Further proceedings in those cases were suspende on motion of appellant pending the final decision in the instant case.

Appellant, in its petition for cancellation, alleged that appellee's registered mark was and is a mutilated and fictitious mark; that it had not been used by appellee as a trademark; that it is only a fragment of appellee's decorative display on cartons containing cans of appellee's juices; and that appellee's trade-mark is a composite one of

which the registered mark is only a small and insignificant part.

Appellant took testimony and on its motion the testimony and exhibits of the parties in the said opposition proceedings were made part of the present record. Appellee took no testimony herein.

The record shows that appellee's trademark has been used by it only on the fiber board cartons in which are packed two or four dozen small cans of its fruit juices. The registered mark has never been used on the cans.

Appellant has contended that because of the manner in which appellee's mark is used the ultimate consumer cannot rely upon it as denoting origin for the reason that he never sees it. It is further contended that the wholesale and retail dealers in appellee's fruit juices do not consider the registered mark as indicative of origin because such goods are always ordered by name.

The record shows that the testimony of appellant's witnesses is not uniform in support of its contention that wholesale and retail dealers do not consider appellee's mark as indicating origin in it. Several of them testified that when viewing a carton of appellee, the first thing to attract their attention was the representation of the three little men and it also appears in such testimony that those figures are recognized as an identifying symbol of appellee's fruit juices. It further appears that in some instances the cartons are used as a base for display purposes so that the ultimate user or consumer could see and know the mark as indicating the canned fruit juices had their origin in appellee. It was also shown that, while not generally so sold, at times the ultimate consumer purchases the juices by the case or carton.

The Examiner of Interferences, with respect to the proper affixation of trademarks, noted that section 29 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 108, defines "affixed" as follows:

"A trade-mark shall be deemed to be 'affixed' to an article when it is placed in any manner in or upon either the article itself or the receptacle or package or upon the envelope or other thing in, by, or with which the goods are packed or enclosed or otherwise prepared for sale or distribution."

He stated that in his opinion the manner in which the registered marks was affixed to appellee's goods was in accord with the statute and, therefore, was affixed to the goods in a trade-mark use sense.

The examiner further was of opinion, with respect to the ultimate consumer relying upon the registered mark as indicating origin in appellee, that the mark, since it clearly denotes such origin in appellee's immediate trade (wholesalers and retailers), functions as a statutory trade-mark whether or not the ultimate consumer ever sees it.

On the question raised by the contention that appellee's registered mark is a mere mutilation of its whole trade-mark, such, for instance, as the three waiters walking on a plank or panel upon which appears the words "Bruces Juices," the examiner observed that the practice of using more than one mark on goods is well recognized and that since he was of opinion the depiction of the three waiters as a symbol of origin is separable from the other things appearing on the carton, it was separably registrable. In his discussion of this question he cited the case of Quaker City Flour Mills Co. v. Quaker Oats Co., 43 App.D.C. 260.

The commissioner, in his decision, agreed with the reasoning of the examiner and stated that even if both of them were wrong with respect to the contention that appellee's registration is for merely a fragment of the mark so used, that he could not see any likelihood of injury to appellant in such circumstances. He remarked, and we think aptly so, that appellant cannot be injured if appellee decorates his cartons with a "variety of figures in a number of different arrangements and postures" and that in fact "Such practice might well detract from the distinctiveness of respondent's (appellee's) trade-mark, but that is respondent's own affair."

Appellee's mark was registered as being applied to "Canned Fruit and Vegetable Juices." Its goods, canned juices, are packed in cartons upon which its mark is affixed and so sold to wholesale and retail distributors. The cartons, in some instan-

ces, according to the record, are sold to housewives. Furthermore, as was observed by the commissioner, it is a matter of common knowledge that such goods are purchased by the case or carton.

Clearly the manner of use by appellee of its mark accords with the statute and the mark, as such, is an entity and not a mutilation or fragment of appellee's other decorations or designs that may appear on the carton.

In our opinion the decision of the tribunals below dismissing the petition for cancellation was proper and the decision appealed from is affirmed.

Affirmed.