45 C.C.P.A.(Patents)

**Application of the SINGER MANUFAC-
TURING COMPANY.**

**Patent Appeal No. 6375.**

United States Court of Customs
and Patent Appeals.
June 18, 1958.

Chester A. Williams, Jr., Cranford, N. J. (Robert B. Harmon, Washington, D. C., of counsel) for appellant.

Clarence W. Moore, Washington, D. C., for the Commissioner of Patents.

Before JOHNSON, C. J., and O'CONNELL, WORLEY, and RICH, JJ.

O'CONNELL, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents, 112 USPQ 268, affirming the decision of the Examiner of Trademarks and refusing registration of appellant's mark for sewing machines. The mark consists of the design herewith reproduced:

It is stated in appellant's application for registration that the foregoing design has been "applied directly upon the goods, and/or upon labels which are affixed upon containers for the goods." It further appears from the record that, as applied to sewing machines, the two opposite lines of the design lie along the longer sides of the base, with the central device of the design appearing at the center of the base,. and that as applied to containers, the design is printed on labels 1¾ by 3 inches which are affixed to the cartons containing the sewing machines.

Registration was refused by both tribunals of the Patent Office on the stated ground that appellant's design is merely ornamentation and has not been used as a trademark.

It is properly indicated in appellant's brief that there are three possible issues involved in the instant appeal; namely, (1) Whether the use of appellant's design only on labels affixed to the cartons containing the goods would be a distinguishing trademark and registrable use; (2) Whether the use of the design on the goods themselves is a trademark use; and (3) Whether the mark as used on the labels affixed to the cartons would be rendered unregistrable by reason of its concurrent use directly on the inclosed goods, which enhances their appearance.

Both the examiner and the Assistant Commissioner treated the use of the design on the goods themselves at some length, but dealt rather summarily with the use on the cartons. The examiner stated that:

"Label specimens of record are adequate and in harmony with the presentment on the drawing. It is the Office position that this design-like or geometric presentment does not appear to distinguish applicant's goods from those manufactured and sold by others. It is believed that purchasers would regard this presentment as mere ornamentation."

The Assistant Commissioner held that: "the tiny reproduction of the decoration on a small white gummed label pasted on the carton can hardly make a commercial impression, particularly where, as here, the purchaser is not apt to see it until the machine which he (or she) selects is delivered in the carton."

While there is no doubt that the use of the design on the goods serves the purpose of ornamentation, whether or not it also functions as a trademark, it seems preposterous that anyone would suppose that the tiny reproduction on a small white gummed label pasted on the carton was applied to the cartons merely as an ornament. The design is so proportioned that it serves as an ornament when applied to the goods but its ornamental effect otherwise vanishes when displayed apart from the goods. Aside from the question as to whether the design is used as a trademark on the goods themselves, we think it clear that, as used on the labels, it must be taken from the realities of the situation as presented by the record, that its sole function is one indicating the origin of the goods, in the same manner as the "circle, square, triangle, a cross, or a star," referred to in Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U.S. 166, 26 S.Ct. 425, 427, 50 L.Ed. 710; and that such use is accordingly a trademark use.

We are of the opinion that the application of appellant's design to the goods themselves, even assuming that it serves there as an ornament only and not as a trademark, does not disqualify the use of the design on the labels on the cartons as a trademark use. The situation in the instant case is quite similar to that involved in Barron-Gray Packing Company v. Bruce's Juices, Inc., 162 F.2d 217, 34 C.C.P.A., Patents, 1106. In that case it was held that a mark consisting of a picture of three waiters each carrying a tray on which there was a glass of fruit juice was properly registered as a trademark even though it had been used only on cartons containing several dozen cans of juices. The contention that the mark was merely a fragmentary decorative display was not sustained by the court, which agreed with the Patent Office tribunals that the pictures were used in a trademark sense.

■ It is, of course, true that a design consisting merely or essentially of a pictorial representation of the goods on which it is used is descriptive, and is not a valid trademark. In re Pierce Arrow Motor Car Co., 55 F.2d 434, 19 C.C.P.A., Patents, 999, but such a representation may be a good trademark if combined with arbitrary features capable of indicating origin. Jantzen Knitting Mills v. West Coast Knitting Mills, 46 F.2d 182, 18 C.C.P.A., Patents, 843; Keller Products, Inc., v. Rubber Linings Corp., 7 Cir., 213 F.2d 382, 47 A.L.R.2d 1108.

While the design here sought to be registered appears on the goods, it clearly is not a pictorial representation of such goods, and is, at most, merely suggestive of the goods in a general sense. It is not so nearly descriptive of the goods as a mark which actually pictures the goods in combination with other features.

■ We are unable to agree with the Assistant Commissioner that appellant's labels, because of their relatively small size, "can hardly make a commercial impression.' No authority is cited, and none has been found, to the effect that a trademark use requires a display of a design of any particular size or degree of prominence. The important question is not how readily the mark will be noticed, but whether, when it is noticed, it will be understood as indicating origin of the goods.

For the reasons given, we conclude that appellant's design, as applied to the

labels on the cartons, constitutes a valid trademark and, so far as appears from the record here, is registrable. It is accordingly unnecessary to consider whether the design, as applied to the goods themselves, also functions as a trademark.

The decision of the Assistant Commissioner is reversed.

Reversed.

WORLEY, J., dissents.