**DIAMOND ALKALI COMPANY,**
Appellant,

v.

**DUNDEE CEMENT COMPANY,**
Appellee.

Patent Appeal No. 7373.

United States Court of Customs and Patent Appeals.
April 15, 1965.

Boynton P. Livingston, Washington, D. C., (James L. Kurtz, Washington, D. C., of counsel), for appellant.

L. Gaylord Hulbert, Detroit, Mich., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board wherein the board dismissed the opposition[1] of the appellant, Diamond Alkali Company, which opposition was instituted against an application[2] of appellee, Dundee Cement Company.

The two marks in issue are:

 

The mark on the left, which we will term a stylized D, is that sought to be registered by appellee, while that on the right is the registered mark[3] on which appellant bases the instant opposition.

■ There is no issue of priority, appellant being the first user, the only question being whether the concurrent use by the parties on the identical goods is likely to cause confusion, mistake or deception. Appellee has taken no testimony and accordingly is restricted to its application date.

Appellant contends that the specimen cement bag submitted by appellee in its application does not support the mark sought to be registered as shown in the application drawing. The specimen bag shows no use of appellee's stylized D separate and alone as it is shown in the drawing reproduced above; the stylized D is used for each letter "D" in the name DUNDEE as it appears on the specimen bag, and is repeated 10 times in each of three rows across the top and bottom of the bag. Thus appellant concludes that the " * * * mark has not been in lawful use in commerce in the form sought to be registered * * *." This contention is said to be significant to appellant's position, not because it shows appellee's application is thereby defective, but because we are thus to consider as the mark in issue a modified mark which appellant has sought to register[4]

1. Opposition No. 41,376.

2. Application serial No. 101,761 filed August 1, 1960 for cements, including Portland cement, high early cement, and air entraining cement, use since March 4, 1960 being alleged.

3. Reg. No. 708,630, registered December 20, 1960 on an application filed March 7, 1960 for Portland cement and mortar

cement, use since May 1958 being alleged.

4. Appellant filed application serial No. 103,843 on September 2, 1960 for a modified mark, alleging use since August 10, 1960 on Portland cement. Appellee filed opposition and the proceedings in that opposition, No. 41,385, have been suspended at the request of the parties pending outcome of the instant appeal.

subsequent to its original mark. That modified mark is the same as appellant's original mark reproduced above except that the central diamond has been omitted.

■■ We do not agree with appellant's contention that appellee's specimen shows a use inconsistent with the mark sought to be registered. Were we to hold consistently with such contention, we would be stating that multiple use of a mark is improper trademark use. We are not inclined to so state, particularly in view of the common practice of multiple representation of marks. We are convinced that the mark as actually used by appellee is the individual stylized D. It is evident that the representation on the upper and lower end of appellee's cement bags was intended to be, and is in fact, a multiple use of the individual mark rather than a different border design mark. We are confirmed in this view by the fact that there is an association of the stylized D with the source of the goods, the stylized D appearing twice in the name DUNDEE on the bag, which is inconsistent with a use merely as a border design.

■ In considering appellant's contention concerning multiple representation of the mark on appellee's specimen, we have assumed arguendo that a specimen *could* show a use inimical to the mark sought to be registered. Since in our view we find the multiple display on the specimen *not inconsistent* with the single representation of the mark in the application drawing, we necessarily and expressly reserve the question of whether an applicant's specimen could be used as evidence tending to show that there is no use of the mark in the form sought to be registered. Since we do not find conflict between the single representation of the mark in the application drawing and the specimen, appellant's modified mark, being first used subsequently to appellee's mark, is not to be considered in determining likelihood of confusion.

Upon the question of likelihood of confusion the board stated:

"While there is a remote possibility that some purchasers or opposer's products might ascertain that this house mark includes a stylized version of the letter "d" as a feature thereof, the mark, when viewed either as a whole or in part, would normally be regarded as consisting of an arbitrary design which is capable of many different interpretations rather than as a letter "d". Such a conclusion is supported by opposer's own actions in connection with its mark. When considered in their entireties, applicant's mark differs radically in appearance from opposer's design mark, and it is concluded that no likelihood of confusion or mistake would result from the contemporaneous use thereof." Cf. In re Burndy Corporation [300 F.2d 938, 49 C.C.P.A. 967], (1962)."

■■ When symbol marks such as these are being considered, appearance is most significant. "Symbols of this kind do not sound." Columbian Steel Tank Co. v. Union Tank & Supply Co., 277 F.2d 192, 196, 47 CCPA 898, 902. Appellant requests our consideration of the approximately equal size of the competing marks,[5] the similar overall configuration, the central space,[6] the thick right and left leg, and the direction or sweep of the mark with the right leg terminating above and spaced from the left. We have considered these features but agree with the board that in appearance the marks are sufficiently dissimilar that there is no likelihood of confusion. In setting out

---

5. We fail to see that size is a criterion of similarity in such marks. Certainly registration does not protect the applicant only for marks of the size shown thereon. Further, appellant's exhibits show use of its mark ranging in size from ¼" (on a ball point pen) to 6" (on cement bags) as well as painted on the side of railroad tank cars (estimated 4 feet high). Cf. In re The Singer Mfg. Co., 255 F.2d 939, 45 CCPA 1002, 1005.

6. The modified mark in which the center diamond is omitted is not considered.

the marks above we have not meant to convey the impression that we are making a side-by-side comparison of the marks. We find the dissimilarities persist although the marks are compared by separate recall later in time and removed in place. Contentions that the newcomer has the burden of staying clear of the established mark, and that doubts are to be resolved in favor of the prior user have been considered but are not found convincing of the opposite result.

For the foregoing reasons we affirm the decision of the board.

Affirmed.

SMITH, J., concurs in the result.