56 CCPA

**UNITED–HAGIE HYBRIDS, INC.,**
**Appellant,**

v.

**ESCAMBIA CHEMICAL CORPORATION, Appellee.**

**Patent Appeal No. 8057.**

United States Court of Customs
and Patent Appeals.

Jan. 9, 1969.

James L. Kurtz, Mason, Fenwick & Lawrence, Boynton P. Livingston, G. Cabell Busick, Washington, D. C., for appellant.

Louis F. Reed, Lee C. Robinson, Jr., New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN, and KIRKPATRICK,* JJ.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

ALMOND, Judge.

Escambia Chemical Corporation, appellee, filed application[1] to register for fertilizers the mark reproduced below, asserting use since April 18, 1962.

United-Hagie Hybrids, Inc., appellant, registrant of the following mark for hybrid seed corn,[2] opposes the registration.

The Trademark Trial and Appeal Board dismissed the opposition,[3] holding that no likelihood of confusion would result from the contemporaneous use of the two marks in issue, from which decision United-Hagie prosecutes this appeal. Both parties took testimony.

The record adduced by appellant disclosed that it has used the slogan "MORE KICK IN THE SPRING—BIGGER EARS IN THE FALL" and the design of a kicking and snorting mule in various formats, on hybrid seed corn since 1945. It also appears that the design feature, without the slogan, has been used by appellant on alfalfa and clover seed as well as baler twine. Substantial sales of appellant's products have been realized under these marks, stimulated through advertisement in farm papers, by the use of highway signs and promotional literature mailed out to customers both actual

1. Serial No. 174,756 filed August 9, 1963.

2. Reg.No. 626,029 issued May 1, 1956.

3. 151 USPQ 65.

and prospective. Sales of the products are made through dealers who sell primarily to farmers in the central states of this country.

Appellee's mark has been used since April 1962 on ammonium nitrate fertilizers. Its products are sold through approximately two hundred dealers as well as its own retail stores to farmers residing primarily in the southern portions of the United States. Appellee's products are advertised under the mark sought to be registered in trade journals and various other media.

It is clear that priority of use resides with appellant-opposer. The single issue, therefore, with which we are concerned is whether or not appellee's mark so resembles the mark of appellant as to be likely, when applied to appellee's goods, to cause confusion, or to cause mistake, or to deceive within the purview of section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

Appellant asserts that the marks are confusingly similar as both are design marks or symbols disclosing the representation of a kicking mule with slogans conveying similar connotations. Appellee advances a diametrically opposite view, pointing out distinct differences in the appearance of the symbol portions, i. e. the animal phases of the marks and the readily distinguishable language and appearance of the slogan features.

The board's response to the contentions and arguments of the parties follows:

> While it is apparent that the marks possess some features in common in that they both contain the picturization of a kicking mule and slogans which include the word "kick," we believe that, regardless of whether or not these marks are analyzed in whole or in part, the differences therebetween far outweigh the points of similarity. It is therefore concluded that no likelihood of confusion would result from the contemporaneous use thereof. In this regard we find is unnecessary to go into any detail in describing these various differences since, in our

opinion, the reproduction of the marks [is] adequate for such purpose. Finally, while it is not the decisive factor on our conclusion herein, it is apparent that the agricultural products here involved are specifically different, albeit they may move through the same trade channels to the same class of purchasers for conjoint uses.

In evaluating the testimony adduced of record and considering the arguments advanced by counsel, we think the rationale set forth by this court in Diamond Alkali Co. v. Dundee Cement Co., 343 F. 2d 781, 52 CCPA 1216, has significant application here. The court said:

> When symbol marks such as these are being considered, appearance is most significant. "Symbols of this kind do not sound." [Citation omitted.] Appellant requests our consideration of the approximately equal size of the competing marks, the similar overall configuration, the central space, the thick right and left leg, and the direction or sweep of the mark with the right leg terminating above and spaced from the left. We have considered these features but agree with the board that in appearance the marks are sufficiently dissimilar that there is no likelihood of confusion. In setting out the marks above we have not meant to convey the impression that we are making a side-by-side comparison of the marks. We find the dissimilarities persist although the marks are compared by separate recall later in time and removed in place. Contentions that the newcomer has the burden of staying clear of the established mark, and that doubts are to be resolved in favor of the prior user have been considered but are not found convincing of the opposite result.

Viewing the respective marks of the parties in their entireties, as we must, and considering the different nature of the agricultural products, we are not persuaded of reversible error in the decision of the board dismissing appellant's op-

position. That decision is, accordingly, affirmed.

Affirmed.

WORLEY, C. J., took no part in the decision of this case.

KIRKPATRICK, Judge (concurring).

I concur in the result reached by the majority in the present case for the reasons set out in the two dissenting opinions in Planters Nut & Chocolate Co. v. Crown Nut Co., 305 F.2d 916, 50 CCPA 1120. Viewing the symbols in their entireties the appellee's mark simply bears no resemblance to the appellant's. The only thing in which any similarity can be found is in the concept of a kicking mule, plus the use of the word "kick" in the slogan which accompanies each mark. This I think is insufficient ground on which to base a finding that the applicant's mark "so *resembles* a mark registered in the Patent Office * * * as to be likely * * * to cause confusion," etc. which is the statutory requirement. The majority evidently feels that similarity of an abstract concept is not sufficient to overcome lack of resemblance and I agree.