05/02/01

THIS DISPOSITION IS NOT
CITABLE AS PRECEDENT OF
THE TTAB

deb

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**2900 Crystal Drive**
**Arlington, Virginia 22202-3513**

Cancellation No. 30,509

Slip Guard Systems, Inc.

v.

Slip Guard Worldwide, Inc.

Before Hohein, Bottorff and Bucher, Administrative Trademark Judges.

By the Board:

On April 24, 2000, petitioner, Slip Guard Systems, Inc., filed a petition to cancel respondent's registration for the mark SLIP GUARD for "skid-resistant coatings in the nature of paint for use in bathtubs, showers, and ceramic surfaces,"[1] in International Class 2.  As grounds for the petition for cancellation, petitioner alleges that it has adopted and continuously used the trademark SLIP GUARD since June 8, 1987 in connection with its skid-resistant compound in the nature of acid etching treatment for use on tile, ceramic and concrete surfaces; and that respondent's mark, as used in connection with the goods set forth in the registration, so resembles petitioner's mark, as used in

---

[1]     Reg. No. 2,033,598, issued on January 28, 1997.

connection with petitioner's goods, that confusion is likely.

Respondent's answer denied the pertinent allegations of the petition for cancellation. In particular, respondent denied there is a likelihood of confusion, arguing that petitioner is a service company and denying that petitioner had sold any product under the mark SLIP GUARD. In its answer, respondent also set forth the affirmative defenses of laches, estoppel and acquiescence.

This case now comes up for consideration of petitioner's motion for summary judgment, filed on December 26, 2000. The motion has been fully briefed.[2]

Summary judgment is appropriate where the moving party has established that there is no genuine issue of material fact in dispute, thus leaving the case to be resolved as a matter of law. Fed. R. Civ. P. 56(c). Petitioner, with respect to its motion for summary judgment, has the initial burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Sweats Fashions Inc. v. Pannill Knitting Co. Inc*., 833 F.2d 1560, 4 USPQ2d 1793 (Fed. Cir. 1987). If the movant meets its initial burden, the burden then shifts to

---

[2] Although petitioner argues that respondent has failed to show excusable neglect, respondent's motion to reopen its time to respond to petitioner's motion for summary judgment, filed January 26, 2001, is hereby granted.

2

the non-moving party to present sufficient evidence to show an evidentiary conflict as to one or more material facts in issue. *See* *Opryland* *USA* *Inc.* *v.* *Great* *American* *Music* *Show* *Inc*., 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992). In considering whether to grant or deny a motion for summary judgment, the Board may not resolve issues of material fact, but can only ascertain whether genuine disputes exist regarding such issues.

In support of its motion for summary judgment, petitioner has furnished affidavits of the Chief Operating Officer and President of petitioner, Roy J. Dorsett, with accompanying exhibits (e.g., copies of invoices dating to 1987 reflecting sales of SLIP GUARD skid-resistant compounds, respondent's Material Safety Data Sheet for registrant's product having the mark SLIP GUARD, etc.), as well as the affidavits of several of petitioner's customers who describe their own instances of actual confusion upon encountering respondent's product.

This showing by petitioner establishes that the respective marks are identical. Mr. Dorsett's affidavit and attachments demonstrate that respondent's SLIP GUARD product is also highly acidic. Hence, if the goods involved herein are not identical, they are certainly used for substantially the same purpose. Respondent has not submitted any evidence to counter petitioner's claim of priority, has not

demonstrated that the goods of the respective parties are different in any way, and not shown any evidentiary conflict as to the nature and extent of any actual confusion.

Rather, respondent argues that under the present circumstances, it is appropriate to deny the motion for summary judgment based upon its equitable defenses set forth in 15 U.S.C. §1069. Clearly, equitable defenses such as laches, estoppel and acquiescence are proper issues to be raised in a cancellation proceeding. It seems there was at least a substantial delay by petitioner prior to filing this action, petitioner had notice of respondent's claims to the SLIP GUARD mark for its slip-resistant compounds, and respondent continued to develop significant goodwill during this period of delay.

However, this is not a case wherein a likelihood of purchaser confusion or mistake is reasonably in doubt, and evidence of laches, estoppel or acquiescence may be considered as a factor in resolving that doubt. Rather, this is a case where confusion or mistake is not only likely but also inevitable. Hence, with regard to respondent's pleaded affirmative defenses, we agree with petitioner that even if proven, laches, estoppel or acquiescence attributable to petitioner will not serve to preclude the granting of appropriate relief in favor of the prior user where, as here, the respective marks are identical and the

4

respective goods of the parties are substantially the same, if not identical, and it is determined that confusion is inevitable. *See* _The Chun King Corporation_ v. _Genii Plant Line, Inc_., 403 F.2d 274, 159 USPQ 649 (CCPA 1968); and _Far-Best Corporation_ v. _Die Casting "ID" Corporation_, 165 USPQ 277 (TTAB 1970).

Therefore, petitioner's motion for summary judgment is granted. Fed. R. Civ. P. 56(c) and (e). The petition for cancellation is granted and respondent's registration will be cancelled in due course.