NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ROYAL CROWN COMPANY, INC., DR PEPPER/SEVEN UP, INC.,**
*Appellants*

**v.**

**THE COCA-COLA COMPANY,**
*Appellee*

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2019-2088

_____

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Nos. 91178927, 91180771, 91180772, 91183482, 91185755, 91186579, 91190658.

_____

Decided:  August 3, 2020

_____

LAURA POPP-ROSENBERG, Fross Zelnick Lehrman & Zissu, P.C., New York, NY, for appellants.  Also

represented by BARBARA A. SOLOMON.

BRUCE WILLIAM BABER, King & Spalding LLP, Atlanta, GA, for appellee.

CHRISTINA J. HIEBER, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by THOMAS L. CASAGRANDE, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, JENNIFER E. MARINO.

———————————

Before NEWMAN, LOURIE, and O'MALLEY, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Royal Crown Company, Inc., and Dr. Pepper/Seven-Up, Inc. (collectively, "Royal Crown"), appeal from a decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office, dismissing Royal Crown's consolidated opposition to sixteen trademarks proposed for registration by Coca-Cola Company ("Coca-Cola"). *See Royal Crown Co. v. Coca-Cola Co.*, Opposition Nos. 91178927 (Parent Case), 91180771, 91180772, 91183482, 91185755, 91186579, 91190658 (TTAB May 3, 2019) ("*Board Decision*"). Because Royal Crown received the only relief it requested when Coca-Cola disclaimed the term "ZERO" in the applications at issue, Royal Crown's appeal is *dismissed* as moot.

## BACKGROUND

Royal Crown and Coca-Cola are competitors in the beverage market. Coca-Cola filed the sixteen applications at issue to register marks appending the term ZERO to some of its existing beverage brands. Royal Crown filed oppositions, claiming that each of the marks is generic or merely descriptive of the zero-calorie attributes of the beverages. J.A. 120–28. Coca-Cola's applications and Royal Crown's

respective oppositions, later consolidated before the Board, are listed below.

| Application No. | Opposition No. | Mark |
|---|---|---|
| 78580598 | 91178927 | COCA-COLA ZERO |
| 78316078 | 91180771 | SPRITE ZERO |
| 78664176 | 91180772 | COKE ZERO |
| 77175066 | 91183482 | COKE CHERRY ZERO |
| 77175127 | | CHERRY COCA-COLA ZERO |
| 77176108 | | COCA-COLA VANILLA ZERO |
| 77176127 | | CHERRY COKE ZERO |
| 77176279 | | COCA-COLA CHERRY ZERO |
| 77097644 | | PIBB ZERO |
| 76674382 | 91185755 | COKE ZERO ENERGY |
| 76674383 | | COKE ZERO BOLD |
| 77176099 | | VANILLA COKE ZERO |
| 77257653 | 91186579 | VANILLA COCA-COLA ZERO |
| 77309752 | | POWERADE ZERO |
| 78620677 | | FANTA ZERO |
| 78698990 | 91190658 | VAULT ZERO |

*Board Decision*, slip op. at 3–4. In its consolidated opposition, Royal Crown argued that each of the registrations must be denied "absent the entry of a disclaimer of the term 'zero.'" J.A. 128.

In relevant part, the Board dismissed Royal Crown's oppositions. *Royal Crown Co. v. Coca-Cola Co.*, Opposition No. 91178927 (Parent Case), 2016 WL 9227936, at *1 (May 23, 2016).[1] It found that Royal Crown failed to show that

---

[1]    The Board also dismissed Coca-Cola's opposition to two of Royal Crown's proposed marks—DIET RITE PURE

ZERO is generic for zero-calorie products in the genus of soft drinks, sports drinks, and energy drinks, *id.* at \*12, and, moreover, that Coca-Cola proved that the term ZERO has acquired distinctiveness for soft drinks and sports drinks, though not for energy drinks, *id.* at \*15. Thus, the Board held that Coca-Cola's applications could be registered even absent a disclaimer of the term ZERO.

Royal Crown appealed that decision to this court. We vacated the decision of the Board for applying the wrong legal standard for genericness of the term ZERO and for failing to make a finding on the term's descriptiveness before addressing acquired distinctiveness. *Royal Crown Co., Inc. v. Coca-Cola Co.*, 892 F.3d 1358, 1366 (Fed. Cir. 2018). We then remanded the case for the Board to address these issues under the correct standards. *Id.* ("On remand, accordingly, the Board must examine whether the term ZERO, when appended to a beverage mark, refers to a key aspect of the genus."); *id.* at 1369 (requiring the Board to "make an express finding regarding the degree of the mark's descriptiveness on the scale ranging from generic to merely descriptive").

On remand, the Board requested briefing to frame the issues for decision. Instead, Coca-Cola filed a motion to amend each of its applications to disclaim the term ZERO. Royal Crown protested that the disclaimer was both procedurally improper and not case-dispositive. But the Board, noting that the disclaimer was the only relief requested by Royal Crown, granted Coca-Cola's motion, entered the

---

ZERO and PURE ZERO—for which Royal Crown had disclaimed the term ZERO. 2016 WL 9227936, at \*18. The Board sustained Royal Crown's opposition to another of Coca-Cola's proposed marks, FULL THROTTLE ZERO, which is no longer at issue because Coca-Cola assigned its interest to a third party that elected not to appeal from the Board's decision, 892 F.3d at 1362 n.2.

disclaimer in each application, and dismissed Royal Crown's consolidated opposition. *Board Decision*, slip op. at 3–4.

Royal Crown then filed the instant appeal. The Director of the PTO filed a motion to intervene, which this court granted.

DISCUSSION

We review the Board's decision in accordance with the standards of the Administrative Procedure Act. *Bridgestone/Firestone Research, Inc. v. Auto. Club De L'Quest De La France*, 245 F.3d 1359, 1361 (Fed. Cir. 2001) (citing *Dickinson v. Zurko,* 527 U.S. 150, 152 (1999)). We evaluate the Board's legal determinations *de novo* and its factual findings for substantial evidence. *Royal Crown*, 892 F.3d at 1364–65 (citations omitted). The Board's application of its own trial rules is reviewed for a determination of whether it is "arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A); *Ultratec, Inc. v. CaptionCall, LLC*, 872 F.3d 1267, 1271–72 (Fed. Cir. 2017) (citing *Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435, 442 (Fed. Cir. 2015)).

Royal Crown raises three challenges to the Board's decision. First, it claims that granting Coca-Cola's post-trial, unconsented-to motion was procedurally improper and thus arbitrary, capricious, and an abuse of discretion. Second, it argues that, by simply entering Coca-Cola's disclaimer, the Board shirked its obligation to render a reasoned decision under the APA and deprived Royal Crown and this court of a decision on the merits. Finally, and more substantively, Royal Crown denies that Coca-Cola's disclaimer mooted this appeal because Coca-Cola may file new applications for ZERO-inclusive marks or assert such scope for the instant proposed marks in future litigation.

Coca-Cola responds that this appeal is moot because the Board's entry of Coca-Cola's disclaimers granted Royal Crown all the relief it had requested. Coca-Cola also maintains that the Board is permitted to grant an unconsented motion to amend the application under 37 C.F.R. § 2.133(a), and that the basis of the Board's decision is sufficiently clear under the APA. The Director adds that Royal Crown never opposed registration of the marks *per se*—only registration absent a disclaimer of the term ZERO—and thus it has received all of the relief it asked for.

We agree with Coca-Cola and the Director. The Board did not abuse its discretion in granting Coca-Cola's motion, and its entry of the disclaimer renders this appeal moot.

As Coca-Cola and the Director point out, § 2.133(a) does not allow amendments or disclaimers "except with the consent of the other party or parties and the approval of the [Board], or upon motion granted by the Board." Royal Crown tries to show that the Board has interpreted this regulation to forbid unconsented motions after trial, but the Board decisions it cites instead tend to illustrate that the Board exercises its discretion to grant motions—for all kinds of amendments—in the appropriate circumstances, which usually align with general principles of administrative economy and vary depending on the case. For example, in *Zachry Infrastructure, LLC v. Am. Infrastructure, Inc.*, 101 U.S.P.Q.2d 1249 (TTAB 2011), cited by Royal Crown, the Board simply invoked its discretion to defer consideration of the applicant's motion to seek registration on the Supplemental Register—an action which, unlike disclaimer, would not have met the opposer's request for relief—until genericness could be properly briefed. *Id.* at 1254. Thus, neither *Zachry* nor any other decision cited by Royal Crown stands for the improbable notion that the Board is powerless to grant a motion to enter a disclaimer granting all the relief an opposer seeks.

Coca-Cola's disclaimer grants Royal Crown what it sought in its opposition. Throughout this case, Royal Crown requested only that the Board require a disclaimer of the term ZERO before registering the marks at issue. *Royal Crown*, 892 F.3d at 1365 ("The only relief Royal Crown seeks in its oppositions to [Coca-Cola's] applications is that [Coca-Cola] be required to disclaim the term ZERO. Royal Crown does not argue that, if [Coca-Cola] disclaims ZERO, the marks should not be allowed."); J.A. 127–28 (requesting that registration of the instant marks be "denied absent the entry of a disclaimer of the term 'zero'"); J.A. 225 (arguing that the Board, on remand, should "refuse registration of the Challenged Marks to [Coca-Cola] without disclaimer of the term" ZERO). Entry of Coca-Cola's disclaimer entirely fulfilled Royal Crown's request for relief, rendering its opposition superfluous, as the Board explained in its decision. *Board Decision*, slip op. at 3.

Furthermore, the appeal is moot because the sole remedy Royal Crown originally requested is now beyond the power of this court to grant. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (holding that an appeal should be dismissed as moot when "a court of appeals cannot grant any effectual relief whatever"); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." (citations omitted)).

Royal Crown argues that its appeal is not moot because Coca-Cola never conceded that the term ZERO is generic or merely descriptive in the relevant product genera, nor did the Board so hold, and Coca-Cola may in the future apply for other ZERO-inclusive marks.

But litigation is conducted for the purpose of obtaining relief, not an advisory opinion. While a Board opinion finding Coca-Cola's ZERO-inclusive marks generic or merely descriptive in the relevant product genera may have been useful for Royal Crown in the future, such an interest is too

speculative to invoke the jurisdiction of this court. *See Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs., Inc.*, 933 F.3d 1367, 1373–74 (Fed. Cir. 2019) (rejecting the argument that a potential preclusion defense in a hypothetical future case prevents mootness).

Royal Crown has obtained what it requested in its opposition, disclaimer of the term ZERO in each of the trademark applications at issue. The Board's decision reflects entry of those disclaimers. Accordingly, there is no case or controversy for this court to decide.

## CONCLUSION

We have considered Royal Crown's further arguments but find them unpersuasive. For the foregoing reasons, Royal Crown's appeal is

## DISMISSED