**BRIDGESTONE/FIRESTONE RESEARCH, INC.,**
Appellant,

v.

**AUTOMOBILE CLUB DE L'OUEST DE LA FRANCE, Appellee.**

Nos. 00–1036, 19,683.

United States Court of Appeals, Federal Circuit.

March 6, 2001.

Peter G. Mack, Foley & Lardner, of Washington, DC, argued for appellant. Of counsel was John H. Hornickel, Bridgestone/Firestone, Inc., of Akron, OH.

Michael J. Striker, of Huntington, NY, argued for appellee.

Before PAULINE NEWMAN, MICHEL, and LOURIE, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Bridgestone/Firestone Research, Inc. ("Bridgestone") is the owner of Trademark Registration No. 756,436 for the mark LEMANS for "pneumatic rubber tires" on the principal register, issued on September 10, 1963. The United States Patent and Trademark Office Trademark Trial and Appeal Board granted the petition of Automobile Club de l'Ouest de la France ("Automobile Club") to cancel the registration.[1] We reverse the Board's decision.

## BACKGROUND

The Automobile Club, a French entity, manages an automobile race in the city of Le Mans, France, called "Les 24 Heures du Mans." The Le Mans race was first run in 1923, and is internationally known. In 1986 the Automobile Club was granted United States Trademark Registration No. 1,386,349 on the supplemental register, for the mark LE MANS for "automobile tires." In 1991, Bridgestone filed a petition to cancel the Automobile Club's registration, based on Bridgestone's 1963 registration of LEMANS for tires. That cancellation petition was granted, and is not appealed.

The Automobile Club counterclaimed for cancellation of Bridgestone's registration, on the ground that Bridgestone's trademark use of LEMANS falsely suggested a connection with the Automobile Club and its sponsorship of the Le Mans race, in violation of § 2(a) of the Lanham Act:

15 U.S.C. § 1052(a). No trademark ... shall be refused registration on the principal register on account of its nature unless it ,... falsely suggest[s] a connection with persons, living or dead, institutions, beliefs, or national symbols.

Bridgestone denied the charge and raised, *inter alia*, the defense of laches based on the passage of twenty-seven years between issuance of its LEMANS registration and the Automobile Club's cancellation petition.

The Board granted the cancellation petition, holding that "the term LEMANS points uniquely and unmistakably to the Automobile Club, and that the Automobile Club's race is of sufficient fame or reputation that when Bridgestone's mark LEMANS is used on tires, a connection with the Automobile Club would be presumed." The Board rejected the laches defense, ruling that Bridgestone had not provided adequate evidence of its reliance on the

---

**1.** *Bridgestone/Firestone Research, Inc. v. Automobile Club de l'Ouest de la France,* Cancellation No. 19,683 (TTAB July 21, 1999).

Automobile Club's twenty-seven years of silence.

Bridgestone appeals, arguing that the Board incorrectly applied the criteria of laches, that the Board misapplied the law of § 2(a) false suggestion of connection, and that the Automobile Club does not have a protectible § 2(a) interest in the LEMANS trademark.

## DISCUSSION

■ Rulings of PTO tribunals are reviewed by the Federal Circuit in accordance with the standards of the Administrative Procedure Act. *See Dickinson v. Zurko*, 527 U.S. 150, 152, 119 S.Ct. 1816, 144 L.Ed.2d 143, 50 USPQ2d 1930, 1931–32 (1999). Laches is an equitable defense, and the Board's rulings on this issue are reviewed on the standard of abuse of discretion. Abuse of discretion will lie when the tribunal's decision rests on an error of law or on erroneous findings of fact, or if the decision manifests an unreasonable exercise of judgment in weighing relevant factors. *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028, 1039, 22 USPQ2d 1321, 1325, 1333 (Fed. Cir.1992) (*en banc*). We give plenary review to the Board's legal conclusions, *see In re The Boston Beer Co. Ltd. P'ship*, 198 F.3d 1370, 1373, 53 USPQ2d 1056, 1058 (Fed.Cir.1999), and uphold the Board's factual findings unless they are arbitrary, capricious, or unsupported by substantial evidence. *See On–Line Careline, Inc. v. America Online, Inc.*, 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1475 (Fed.Cir.2000).

### A

■ By statute, the defense of laches is available in trademark proceedings. *See* 15 U.S.C. § 1069 ("In all inter partes proceedings equitable principles of laches, estoppel, and acquiescence, where applicable may be considered and applied."). Bridgestone, as the party raising the affirmative defense of laches, bears the burden of proof. *See* Fed.R.Civ.P. 8(c) (characterizing laches as an affirmative defense); *Cornetta v. United States*, 851 F.2d 1372, 1380 (Fed.Cir.1988).

■ To prevail on its affirmative defense, Bridgestone was required to establish that there was undue or unreasonable delay by the Automobile Club in asserting its rights, and prejudice to Bridgestone resulting from the delay. *See Lincoln Logs Ltd. v. Lincoln Pre-Cut Log Homes, Inc.*, 971 F.2d 732, 734, 23 USPQ2d 1701, 1703 (Fed.Cir.1992). The Board rejected Bridgestone's defense of laches with the following explanation:

> n.5 The only affirmative defenses maintained by Bridgestone in its brief were "laches" and "estoppel by laches." The record does not reflect evidence on these defenses; and in Bridgestone's brief, it stated only very general information about its alleged reliance on the Automobile Club's delay in seeking cancellation of Bridgestone's registration. For example, Bridgestone stated that "... in reliance on the lack of any objection for so many decades, Firestone has designed, marketed, and sold many tires under the name LEMANS"; and "Firestone would obviously not have invested so much time and money in its LEMANS tires had [the Automobile Club's] objections been timely raised...."
> Bridgestone provided absolutely no specific information regarding its alleged reliance on the Automobile Club's alleged silence. While it is clear that there has been a delay in seeking cancellation of Bridgestone's registration, Bridgestone has not proven the elements of the affirmative defenses of laches and estoppel by laches.

*Bridgestone*, slip op. at 5 n. 5.

### *Undue Delay*

■ In determining whether a party has too long "slept on its rights" it is

necessary to show that the party knew or should have known that it had a right of action, yet did not act to assert or protect its rights. *Cf. A.C. Aukerman Co.*, 960 F.2d at 1032, 22 USPQ2d at 1328 (to invoke the defense of laches against a charge of patent infringement the defendant must show that the plaintiff knew or reasonably should have known of the infringement). The Automobile Club states that it did not know of Bridgestone's LEMANS registration until 1991, when Bridgestone sought cancellation of the Automobile Club's LEMANS registration, and thus that the period of delay should be measured only from 1991. Bridgestone responds that the statutory constructive notice of ownership and its conspicuous and widespread use of the LEMANS mark for decades placed a duty of inquiry on the Automobile Club. *See Johnston v. Standard Mining Co.*, 148 U.S. 360, 370, 13 S.Ct. 585, 37 L.Ed. 480 (1893) (placing the duty of inquiry "upon a man of ordinary intelligence").

The Trademark Act establishes various events in the life of a registered trademark which impact upon an adverse claimant, from which events action could be taken and thus from which the period of delay may be measured. Thus 15 U.S.C. § 1072 provides that registration on the principal register is constructive notice of the registrant's claim of ownership of the trademark; § 1065 states the conditions of incontestability of the registrant's right to use the trademark; and § 1115 provides that registration is evidence of the registrant's exclusive right to use the trademark. All of these events, including constructive notice, widespread commercial use (knowledge of which is not denied by the Automobile Club), and the passing of twenty-seven years after registration, accompanied by the absence of a reasonable excuse by the Automobile Club for its inaction, require that the Automobile Club be charged with undue delay in seeking cancellation of Bridgestone's trademark regis-

tration. *See National Cable Television Ass'n, Inc. v. American Cinema Editors, Inc.*, 937 F.2d 1572, 1581, 19 USPQ2d 1424, 1432 (Fed.Cir.1991) (laches runs from the time from which action could be taken against the trademark rights inhering upon registration).

### Prejudice

 Laches is "principally a question of the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relations of the property or the parties." *Galliher v. Cadwell*, 145 U.S. 368, 373, 12 S.Ct. 873, 36 L.Ed. 738 (1892). Mere delay in asserting a trademark-related right does not necessarily result in changed conditions sufficient to support the defense of laches. There must also have been some detriment due to the delay. *See Advanced Cardiovascular Sys. v. Scimed Life Sys.*, 988 F.2d 1157, 1161, 26 USPQ2d 1038, 1041 (Fed.Cir.1993). The Board held that Bridgestone had not proven prejudice, stating that "Bridgestone provided absolutely no specific information regarding its alleged reliance on the Automobile Club's alleged silence."

Two general categories of prejudice may flow from an unreasonable delay: prejudice at trial due to loss of evidence or memory of witnesses, and economic prejudice based on loss of time or money or foregone opportunity. *See A.C. Aukerman Co.*, 960 F.2d at 1033, 22 USPQ2d at 1328–29; *Cornetta*, 851 F.2d at 1378. Bridgestone asserted economic prejudice, presenting evidence of its longstanding investment in and promotion of the LEMANS brand of tires, including use of the mark on at least four types of tires manufactured by Bridgestone: LEMANS SR, LEMANS Metric, LEMANS Touring, and LEMANS All Terrain. Bridgestone presented testimony on the advertising of the LEMANS brand and the role of the

LEMANS brand in Bridgestone's marketing structure. Bridgestone's evidence of the commercial use of the mark was not challenged. It was undisputed that Bridgestone invested in and promoted the LEMANS brand tires over this lengthy period, during which the Automobile Club was silent.

■ The Board's requirement of "specific" evidence of "reliance" on the Automobile Club's silence could relate to proof of estoppel, but it does not apply to laches. When there has been an unreasonable period of delay by a plaintiff, economic prejudice to the defendant may ensue whether or not the plaintiff overtly lulled the defendant into believing that the plaintiff would not act, or whether or not the defendant believed that the plaintiff would have grounds for action. *See A.C. Aukerman Co.*, 960 F.2d at 1042, 22 USPQ2d at 1336 ("reliance is not a requirement of laches but is essential to equitable estoppel"). Economic prejudice arises from investment in and development of the trademark, and the continued commercial use and economic promotion of a mark over a prolonged period adds weight to the evidence of prejudice. *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 821, 52 USPQ2d 1065, 1072 (7th Cir.1999) (the longer the use and the lengthier the period of delay, the lighter the burden of showing economic prejudice in support of the defense of laches).

Bridgestone's evidence of undue delay and prejudice was uncontroverted by the Automobile Club. The Board's ruling rested on an erroneous interpretation of the law of laches, leading to an unreasonable exercise of judgment. Thus the Board's rejection of the defense of laches was an abuse of discretion. That ruling is reversed.

**B**

■ The Automobile Club contends that laches is not an available defense to the § 2(a) ground of "false suggestion of a connection," because "false suggestion" involves the public interest in avoiding deception as to the origin or sponsorship of a product. However, the rights protected under the § 2(a) false suggestion provision are not designed primarily to protect the public, but to protect persons and institutions from exploitation of their persona. *See University of Notre Dame Du Lac v. J.C. Gourmet Food Imports Co., Inc.*, 703 F.2d 1372, 1376, 217 USPQ 505, 508–09 (Fed.Cir.1983) ("[I]t appears that the drafters sought by § 2(a) to embrace concepts of the right to privacy," even in the absence of likelihood of confusion.). This protection of rights of personal privacy and publicity distinguishes the § 2(a) false suggestion of connection provision from the § 2(d) likelihood of confusion provision. *See generally Opryland USA Inc. v. The Great American Music Show, Inc.*, 970 F.2d 847, 853, 23 USPQ2d 1471, 1475 (Fed. Cir.1992); *Treadwell's Drifters, Inc. v. Marshak*, 18 USPQ2d 1318, 1320–21 (TTAB 1990). Although the Automobile Club cites cases brought under § 2(d), whereby a continuing and inevitable likelihood of confusion led the court to permit tardy challenge to a registered mark, *see Ultra–White Co. v. Johnson Chem. Indus., Inc.*, 59 C.C.P.A. 1251, 465 F.2d 891, 893–94, 175 USPQ 166, 167 (1972); *Chun King Corp. v. Genii Plant Line, Inc.*, 56 C.C.P.A. 740, 403 F.2d 274, 276, 159 USPQ 649, 651 (1968), the equitable defenses of laches and estoppel are not barred in § 2(a) false suggestion cases, absent misrepresentation or deceit. *See, e.g., Hot Wax*, 191 F.3d at 827, 52 USPQ2d at 1074. There was no evidence that Bridgestone's use of the LEMANS mark for tires entailed misrepresentation or that the public was deceived. Thus Bridgestone may avail itself of the defense of laches.

### C

█ The Automobile Club also argues that laches can not apply to its § 2(a) claim because Bridgestone's trademark use of LEMANS is a "continuing wrong" for which every use is a new injury. However, when the obligation arises to assert an objection to a trademark registration, that obligation is not postponed by continued use of the trademark. Indeed, as was observed in *Hot Wax*, 191 F.3d at 821, 52 USPQ2d at 1069–70, the notion of a "continuing wrong" is a strong justification for application of the doctrine of laches, for a party aggrieved by a trademark use could delay filing suit indefinitely, while prejudice to the trademark user increases.

We conclude that the theory of "continuing wrong" does not shelter the Automobile Club from the defense of laches.

### *Conclusion*

The Automobile Club's cancellation petition is barred by laches. The decision of cancellation of Bridgestone's registration of LEMANS for tires is

*REVERSED.*