**In re Daniel DAYAN.**

**No. 02–1473.**

**Serial no. 75/358,966.**

United States Court of Appeals,
Federal Circuit.

March 7, 2003.

Before MAYER, Chief Judge,
MICHEL, and PROST, Circuit Judges.

PROST, Circuit Judge.

Daniel Dayan seeks review of the March 21, 2002, decision of the Trademark Trial and Appeal Board ("Board"), Serial No. 75/358,966, affirming the Patent and Trademark Office's ("PTO") final refusal to register his trademark on the ground that it was merely descriptive. Because substantial evidence supports the Board's decision, we *affirm.*

I

Dayan filed an intent-to-use application pursuant to 15 U.S.C. § 1051(b), to register the mark, BABY GOLF, for "clothing, namely newborn, infant and toddler shirts, one-piece outfits, coveralls, pants and dresses."[1] The examining attorney refused registration for Dayan's proposed mark under 15 U.S.C. § 1052(e)(1) on the ground that the mark, if used in connection with the identified goods, would be merely descriptive of them. When the examining attorney's refusal became final, Dayan appealed to the Board. The Board agreed with the examining attorney that "the term BABY GOLF immediately describes a significant characteristic of [Dayan's] clothing, namely, that it is golf-style clothing for babies." The Board, therefore, affirmed the examining attorney's refusal to register Dayan's mark.

Dayan timely appealed the Board's final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

II

We uphold the board's factual findings unless they are arbitrary, capricious, an

---

**1.** As originally filed, the proposed mark, BABY GOLF, was intended for use with "clothing, namely children's shirts, one-piece outfits, coverall pants and dresses."

abuse of discretion, or unsupported by substantial evidence. *See Dickinson v. Zurko,* 527 U.S. 150, 152, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (citing 5 U.S.C. § 706 (2000)). No mark may be refused registration unless "when used on or in connection with the goods of the applicant is merely descriptive ... of them." 15 U.S.C. § 1052(e)(1) (2000). "A mark is merely descriptive if it immediately conveys qualities or characteristics of the goods" to the purchasing public. *In re Nett Designs, Inc.,* 236 F.3d 1339, 1341 (Fed.Cir.2001). Any competent source may demonstrate the purchasing public's understanding of the mark's terms. *Id.* Moreover, placement of a trademark on the fanciful-suggestive-descriptive-generic continuum requires is a question of fact. *In re Dial-A-Mattress Operating Corp.,* 240 F.3d 1341, 1344 (Fed.Cir.2001)

The Board here found that "there is no dispute that the word BABY is descriptive" of Dayan's clothing and noted that Dayan "disclaimed the word apart from the mark as shown." With regard to the word GOLF, the Board rejected Dayan's argument, that "none of his actual clothing 'possesses the usual attributes of golf clothing,'" and found that "the identification of [Dayan's] goods is broad enough to include clothing of a type that resembles golf clothing and, in particular, may include what are commonly referred to as 'golf-shirts.'" Thus, the Board found that the word GOLF is equally descriptive of Dayan's clothing. The Board also concluded that the combination of the words BABY GOLF does not result in an incongruity.

On appeal, Dayan first argues that the Board's decision finding that its proposed mark is merely descriptive of the goods he identified is not supported by substantial evidence in the record. He concedes that he sells "polo shirts," but contends that the record lacks substantial evidence showing that polo shirts are also commonly referred to as "golf shirts." We disagree. First, we note that Dayan's identification of goods, which controls this analysis, is broad enough to include golf-style clothing, particularly "golf shirts." *Octocom Sys., Inc. v. Houston Computer Servs., Inc.,* 918 F.2d 937, 942 (Fed.Cir.1990) (stating "the question of registrability of an applicant's mark must be decided on the basis of the identification of goods set forth in the application regardless of what the record may reveal as to the particular nature of an applicant's goods."). Second, substantial evidence supports the Board's finding that there is a type of shirt commonly referred to as a "golf shirt" and that a "golf shirt" is another common name for a "polo shirt." The evidence includes a catalogue sheet for equipment and apparel describing a cotton pique, two-button polo shirt as a "golf shirt."

"I AM THE FUTURE" Golf Shirt

100% cotton pique, two-button *polo* ...

*U.S. Kids® Golf, Equipment ? Instruction ? Competition.* (emphasis added). The record evidence also includes a magazine entitled "American Baby" (April 2000), describing the style of shirts sold by Dayan as "golf shirts."

Go for the Green

While your little protégé won't be teeing off anytime soon, you can still dress him as though he's training for the junior circuit. The Baby Golf collection from Dayan Bros .... includes *pint-size golf shirts* with matching vests, shortalls, and pants.

(emphasis added). Third, it is irrelevant that Dayan's identified goods do not include clothing in a size large enough for a child who could play golf because as the evidence discussed above establishes, the word GOLF is descriptive of the goods identified by Dayan regardless of the age

and capabilities of the wearer. As the Board pointed out, "golf shirts in newborn and infant sizes are among the items featured in [Dayan's] catalogue sheet." Finally, the word GOLF is descriptive of golf-styled shirts and not merely a reference to a golf theme through the use of emblems as urged by Dayan. Here, the goods identified by Dayan as well as the goods he sells, include clothing commonly referred to as "golf shirts." Therefore, the Board's finding that Dayan's proposed mark, BABY GOLF, is merely descriptive is supported by substantial evidence.

Dayan next argues that his proposed mark, BABY GOLF, is not merely descriptive because it is incongruous in the context of newborns, infants and toddlers. The Board has utilized the concept of "incongruity" to distinguish between suggestive and descriptive marks.

> The concept of mere descriptiveness, it seems to us, must relate to general and readily recognizable word formulations and meanings, either in a popular or technical usage context, and should not penalize coinage or hitherto unused and somewhat incongruous word combinations whose import would not be grasped without some measure of imagination and "mental pause." In the Board's view, that is the situation before us and, of course, incongruity is one of the accepted guideposts in the evolved set of legal principles for discriminating the suggestive from the descriptive mark.

*In re Shutts*, 217 U.S.P.Q. 363, 364–65 (TTAB 1983). According to Dayan, the proposed mark, BABY GOLF, is incongruous because a newborn playing golf or wearing shoes with cleats is an extraordinary and, therefore, fanciful notion. We agree with the Board, however, that the combination of the words BABY GOLF simply conveys the "merely descriptive meaning of its parts." As opposed to the situation in *Shutts*, no "imagination" or "mental pause" is required to immediately comprehend that the combined words BABY GOLF is describing golf-style clothing for babies, and not the function performed by the intended wearer. *See e.g.*, *In re Int'l Game Tech. Inc.*, 1 USPQ2d 1587, 1588 (TTAB 1986) (holding the words ON–LINE, ON–DEMAND merely descriptive of computer lottery terminals, which operate on-line and provide tickets on demand); *In re Nash–Finch Co.*, 160 USPQ 210 (TTAB 1968) (holding the words TENDER FRESH unregistrable on the Supplemental Register for fresh cut chickens).

Lastly, Dayan argues that third-party registrations confirm that the PTO has not considered the word "golf," as used in his mark, to be merely descriptive. We conclude, however, that Dayan has waived argument based on third-party registrations because the Board did not abuse its discretion in denying the Dayan an opportunity to present his evidence. Abuse of discretion lies here if the Board's action reflects "an unreasonable exercise of judgment in weighing relevant factors." *Bridgestone/Firestone Research, Inc. v. Auto. Club De L'Quest De La France*, 245 F.3d 1359, 1361 (Fed.Cir.2001). Despite two suspensions of appeal by the Board, and two remands to the examining attorney, Dayan did not submit evidence of third-party registrations until a renewed request for a third suspension and remand of the application. The Board denied Dayan's request for a remand so the examining attorney could consider the additional evidence because Dayan did not "provide a satisfactory explanation as to why such evidence could not have been submitted

previously."[2] Because the record demonstrates that there was a lengthy prosecution, during which evidence of third-party "GOLF" marks could have been submitted, we believe the Board's decision to not consider the evidence was not unreasonable.

### CONCLUSION

Because substantial evidence supports the Board's decision refusing registration for the words BABY GOLF, we affirm.

2. The Board also denied Dayan's request to disclaim the word GOLF because he had already disclaimed the word BABY and a disclaimer of the word GOLF would result in a disclaimer of the entire mark, which is impermissible. *Trademark Manual of Examining Procedures* § 1213.07 (3d ed.2002).