ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -                                      )
                                                 )
BAE Systems Land & Armaments L.P.                )    ASBCA Nos. 62703, 62704
                                                 )
Under Contract No. W56HZV-05-G-0005              )

APPEARANCE FOR THE APPELLANT:         David Z. Bodenheimer, Esq.
                                        Nichols Liu LLP
                                        Washington, DC

APPEARANCES FOR THE GOVERNMENT:       Scott N. Flesch, Esq.
                                        Army Chief Trial Attorney
                                      Robert B. Neill, Esq.
                                      Harry M. Parent III, Esq.
                                      MAJ Nichole M. Venious, JA
                                        Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE STINSON ON THE
GOVERNMENT'S MOTION TO STRIKE AFFIRMATIVE DEFENSE OF LACHES

        Pending before the Board is the Department of the Army's motion to strike the
affirmative defense of laches, which appellant BAE Systems Land & Armaments L.P.
(BAE Systems) asserts in its complaint.  The government's motion to strike is set forth in
its answer to the complaint.  Appellant filed a brief opposing the government's motion,
and the government filed a reply brief.  For the reasons set forth below, we grant the
government's motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

        1.  On March 31, 2005, the Army Contracting Command, Detroit Arsenal (ACC -
DTA), entered into a Basic Ordering Agreement (BOA) with BAE Systems wherein all
orders placed under the BOA "constitute individual contracts" (R4, tab 1 at 1, 11).

        2.  On July 26, 2006, the Army awarded Delivery Order No. 0009 in the amount of
$192,628,556, for remanufacture of Bradley Fighting Vehicles and acquisition of TOW
Missile Control Systems (R4, tab 2 at 1, 3, 6-7, 27).[1]  On July 12, 2007, the Army issued
Modification No. 05 to Delivery Order No. 0009 in the amount of $404,307,844, for the
remanufacture of an additional 172 Bradley Fighting Vehicles (R4, tab 3 at 1-3).

---

[1] "TOW" is an anti-tank, tube-launched, optically-tracked, wire-guided missile system.
*Hughes Aircraft Co.*, ASBCA No. 30570, 90-2 BCA ¶ 22,780 at 114,411.

3. In 2007, BAE Systems submitted to the government a giveback proposal for Delivery Order No. 0009, which appellant subsequently updated (compl. ¶ 33). In 2014, the parties negotiated a settlement of that giveback proposal (compl. ¶ 34).[2] In 2015, the Defense Contract Audit Agency (DCAA) issued post-award audit reports regarding both Delivery Order No. 0009 and Modification No. 05 (compl. ¶¶ 39-40, 89-91).

4. On September 15, 2020, Contracting Officer Scott L. Follen (ACC – Warren) issued a demand letter and final decision seeking payment of $3,224,623, plus interest, "for defective pricing as a result of BAE Systems' non-compliance with 10 USC 2306a, Cost or Pricing Data," during negotiation of Delivery Order No. 0009 (R4, tab 41 at 3). On October 15, 2020, BAE systems filed a notice of appeal of that final decision pursuant to the Contract Disputes Act (CDA), 41 U.S.C. § 7104(a), and on October 21, 2020, the Board issued a "Notice of Docketing" designating the appeal as ASBCA No. 62703.

5. On September 22, 2020, Mr. Follen issued a demand letter and final decision seeking $9,450,215, plus interest, "for defective pricing as a result of BAE Systems' non-compliance with 10 USC 2306a, Cost or Pricing Data," during negotiation of Modification No. 05 to Delivery Order No. 0009 (R4, tab 42 at 3). On October 15, 2020, BAE Systems filed a notice of appeal of that final decision pursuant to the CDA, and on October 21, 2020, the Board issued a "Notice of Docketing" designating the appeal as ASBCA No. 62704.

6. Appellant filed its complaint on January 19, 2021, asserting, in part, that the government's "defective pricing claims for Delivery Order 0009 and Modification 05 are barred by the doctrine of laches" (compl. ¶ 144). Appellant also asserts that the government's claims are barred by the six-year statute of limitations set forth in the CDA, 41 U.S.C. § 7103 (compl. ¶ 139). As to both affirmative defenses, appellant alleges that "[b]ased upon Army knowledge, DCAA audits, and BAE Systems' disclosures between 2006 and 2013, the Government knew, or should have known, the basis for any potential defective pricing claims for Delivery Order 0009 and Modification 05 not later than 2013" (compl. ¶¶ 139, 141).

7. In support of its assertion of laches as an affirmative defense, appellant alleges that the government "unreasonably delayed by waiting until September 2020 to make its defective pricing claims for Delivery Order 0009 and Modification 05" (compl. ¶¶ 141-142). BAE Systems also alleges it "has been prejudiced by the Army's delays in making its defective pricing claims for Delivery Order 0009 and Modification 05" (compl. ¶ 143). Appellant's complaint includes allegations of

---

[2] The government avers that the giveback proposal settlement was negotiated between December 2, 2014, and February 9, 2015 (answer ¶ 37).

2

prejudice that the government "has failed to preserve records relating to the negotiation of Delivery Order 0009" (compl. ¶ 77).

8. Appellant's complaint also asserts the affirmative defense of accord and satisfaction, alleging "[a]fter DCAA performed an audit and the Army conducted negotiations regarding BAE Systems' Giveback proposals for Delivery Order 0009, the Army and BAE Systems executed a modification resolving potential defective pricing, thus barring the Army's claims for defective pricing relating to Delivery Order 0009" (compl. ¶ 146).

9. The government filed its answer to the complaint on April 16, 2021, which included a motion to strike appellant's affirmative defense of laches (answer at 81, Part III). Appellant filed its brief in opposition to the government's motion on May 17, 2021, and the government filed its reply brief on June 16, 2021.

DECISION

I.      Burdens of Proof

Although the government bears the burden of proof on its claim of defective pricing, *Alloy Surfaces Co., Inc.*, ASBCA No. 59625, 20-1 BCA ¶ 37,574 at 182,443, BAE Systems filed the complaint in these appeals, asserting the doctrine of laches as an affirmative defense to the government's claims (SOF ¶ 6).[3] As its proponent, BAE Systems bears the burden of proving its affirmative defense. *Bridgestone Firestone Research, Inc. v. Automobile Club De L'Ouest De La France*, 245 F.3d 1359, 1361 (Fed. Cir. 2001).

II.     The Government's Motion to Strike

Our Board Rules do not address motions to strike. *Fru-Con Const. Corp.*, ASBCA Nos. 53544, 53794, 03-2 BCA ¶ 32,275 at 159,673. Although we look to the Federal Rules of Civil Procedure for guidance, as an administrative tribunal, we are not bound by them. *Supreme Foodservice GmbH*, ASBCA No. 57884 *et al.*, 16-1 BCA ¶ 36,426 at 177,580. Pursuant to FED. R. CIV. P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The applicable legal standard in considering a motion to strike pursuant to

---

[3] Appellant's inclusion in its complaint of an affirmative defense to the government's claims is in keeping with the requirements of Board Rule 6(b) (requiring the government to "set forth simple, concise, and direct statements of the Government's defenses to each claim asserted by the appellant, including any affirmative defenses") and FED. R. CIV. P. 8(c)(1) (providing that affirmative defenses, including laches, must be stated in a party's response to a pleading).

FED. R. CIV. P. 12(f) is whether the pleading asserts an 'insufficient defense.'" *Kellogg Brown & Root Services*, ASBCA No. 56358 *et al.*, 17-1 BCA ¶ 36,779 at 179,247. "Only if a defense is insufficient as a matter of law will it be stricken." *Id.*

As a tribunal, we have "considerable discretion in deciding such a motion." *ASCT Group, Inc.*, ASBCA No. 61955, 20-1 BCA ¶ 37,540 at 182,289 (citing *Godfredson v. JBC Legal Group*, 387 F. Supp. 2d 543, 547-48 (E.D.N.C. 2005)). A motion to strike is properly granted where we lack jurisdiction to consider the allegations asserted. *Alfajer, Ltd.*, ASBCA No. 62125, 20-1 BCA ¶ 37,660 at 182,859 (granting motion to strike where the Board did not possess jurisdiction over claim in *quantum meruit*).

### III. The Contention of the Parties

The government argues that the "Supreme Court has definitely and repeatedly held that a governing statute of limitations precludes a party from asserting a laches defense" (answer at 82). In support of its motion, the government cites *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. ___, 137 S. Ct. 954 (2017), and *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014). Noting that the CDA contains a six-year statute of limitations governing such appeals, 41 U.S.C. § 7103(a)(4)(A), the government asserts that "[t]o comply with Supreme Court precedent, the Board has no choice but to strike the affirmative defense of laches" (answer at 83).

In opposing the government's motion, appellant argues that "the Army has not shown that BAE Systems' laches defense is certain to fail; as such, the Board should deny the Army's motion to strike BAE Systems' affirmative defense of laches" (app. resp. at 2). Appellant asserts, *inter alia*, that it "has not found any cases applying *Petrella* or its progeny to a defective pricing claim before the Board, nor has the Army cited any such case" (*id.*). Appellant asserts also that motions to strike are not favored, and that striking the affirmative defense of laches at this point in the proceedings is premature (app. resp. at 1, 6).

### IV. Supreme Court Precedent Dictates that the Affirmative Defense of Laches is No Longer Viable in Appeals of CDA Claims

Laches is an equitable doctrine developed by courts "to protect defendants against 'unreasonable, prejudicial delay in commencing suit.'" *SCA Hygiene*, 580 U.S. at ___, 137 S. Ct. 954 at 960 (quoting *Petrella*, 572 U.S. at 667). Six days after completion of the parties' briefing on the government's motion to strike, this Board issued a decision in *Lockheed Martin Aeronautics Co.*, ASBCA No. 62209, 21-1 BCA ¶ 37,886 at 183,992, granting Lockheed's motion for partial summary judgment on the issue of laches. The Board held that the Supreme Court's decisions in *SCA Hygiene* and *Petrella* precluded

the affirmative defense of laches in CDA appeals, and that laches no longer remains an allowable affirmative defense. *Id.*[4]

Both *SCA Hygiene* and *Petrella* stand for the proposition "that laches is not an available defense where there is a legislatively-enacted statute of limitations." *Lockheed*, 21 BCA ¶ 37,886 at 183,996. As noted above, Congress enacted a six-year statute of limitations governing CDA appeals. 41 U.S.C. § 7103(a)(4)(A).[5] In *Lockheed*, we heeded the Supreme Court's warning in *SCA Hygiene*, "that it is inappropriate for a judge to allow an equitable doctrine such as laches to limit a party's rights where that party complied with a Congressionally-enacted statute of limitations," and that judges should not be allowed "to usurp Congressional power by permitting parties continued reliance on laches where the controlling statute set a time limit." 21-1 BCA ¶ 37,886 at 183,996 (citing *SCA Hygiene*, 580 U.S. at ___, 137 S. Ct. at 960-61). Allowing appellant to maintain a defense of laches here would be an inappropriate usurpation of Congressional power to statutorily establish a limitation period for the assertion of CDA claims, and we decline appellant's invitation to do so.

Although our decision in *Lockheed* concerned the government's assertion of laches as an affirmative defense to a contractor claim, our reasoning in *Lockheed* likewise applies to appellant's assertion of laches as an affirmative defense to a government claim. The CDA statute of limitations, which continues as a time bar to claims that were not presented within the defined period, applies equally to contractor and government claims. 41 U.S.C. § 7103(a)(4) ("[e]ach claim by a contractor against the Federal Government relating to a contract and each claim by the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim"); see *McDonnell Douglas Servs., Inc.*, ASBCA No. 56568, 10-1 BCA ¶ 34,325 at 169,529 (dismissing government's defective pricing claim as time barred under CDA's statute of limitations). Congress having provided a statute of limitations for CDA claims, precludes us from invoking the doctrine of laches or deciding an appeal based upon that doctrine, regardless of the party that asserts it as an affirmative defense. Moreover, it remains an affirmative defense before the Board. *Lockheed*, 21-1 BCA ¶ 37,886 at 183,995 (citing *Kamaludin Slyman CSC*, ASBCA No. 62006 et al., 21-1 BCA ¶ 37,849).

---

[4] In *Lockheed*, appellant requested, in the alternative, that the Board strike the government's assertion of laches as an affirmative defense. Because the Board granted appellant partial summary judgment on the issue of laches, the Board found it unnecessary to address appellant's motion to strike. 21-1 BCA ¶ 37,886 at 183,998 n.1.

[5] Congress added the six-year statute of limitations to the CDA with enactment of the Federal Acquisition and Streamlining Act of 1994, Pub. L. No. 103–355, § 2351(a), 108 Stat. 3243, 3322 (1994). The limitation period is applicable to contracts entered into on or after October 1, 1995. 48 C.F.R. § 33.206(a) ("6-year time period does not apply to contracts awarded prior to October 1, 1995").

In support of appellant's argument that it should be allowed to proceed with its defense of laches, appellant suggests that the government failed to maintain certain records relevant to these appeals (app. resp. at 2). Appellant argues that the resulting alleged prejudice justifies our not striking appellant's affirmative defense at this stage of the litigation (app. resp. at 2).[6] Quoting *Petrella*, appellant states that "[i]n extraordinary circumstances, [] the consequences of a delay in commencing suit may be of sufficient magnitude to warrant, at the very outset of the litigation, curtailment of the relief equitably awardable" (app. resp. at 2 (quoting 572 U.S. at 685) (bracketed omission provided by appellant)). Thus, according to appellant, "while laches may not prevent adjudication during a statutory of limitations period, it may still affect the relief granted" (app. resp. at 2 (citing *Petrella*, 572 U.S. at 685)).

The Supreme Court's decision in *Petrella* is unequivocal: "in the face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief." 572 U.S. at 679. Whether there exist extraordinary circumstances that might affect the relief granted does not support a finding that laches, as an affirmative defense, survives the government's motion to strike. Indeed, the decisions cited by the Supreme Court in *Petrella* as representing "extraordinary circumstances" did not apply laches as a bar to the suit, but rather simply limited the type of relief awarded. See, e.g., *Petrella*, 572 U.S. at 685-86 (discussing, inter alia, *Chirco v. Crosswinds Communities, Inc.*, 474 F.3d 227, 235-36 (6th Cir. 2007) (order mandating destruction of housing project unenforceable where owners of copyrighted architectural design who were aware of infringing project delayed filing suit until project substantially constructed and partially occupied)).

Appellant likewise argues that its defense of laches should not be stricken at this juncture in the proceedings because it "is necessarily intertwined with its claim that the Army has failed to preserve negotiation records" (app. resp. at 2). However, appellant is not foreclosed from seeking other appropriate relief based upon the alleged harm it claims to have experienced; it simply may not rely upon the defense of laches in this litigation to underpin the relief it seeks.[7] Indeed, as noted above, appellant's complaint asserts the statute of limitations as an affirmative defense to the government's claims (SOF ¶ 6). The unavailability of laches as a defense does not somehow limit appellant's

---

[6] Prejudice to the party asserting the defense of laches is one of two factors the proponent must establish to prevail on a defense of laches. *Sihota v. Internal Revenue Service*, 908 F.3d 1284, 1291 (Fed. Cir. 2018) (citation omitted).

[7] BAE Systems alleges "that due to the Army's loss, deletion and/or destruction of relevant records, the Army will not be able to establish nondisclosure and/or lack of government knowledge and, as such, its defective pricing claims must be denied for lack of proof" (app. resp. at 6). Appellant is not somehow foreclosed from making this argument simply because the affirmative defense of laches is not available to it in these appeals.

ability to pursue its statute of limitations defense. At bottom, Supreme Court precedent, and our decision in *Lockheed*, makes clear that because Congress has instituted a CDA statute of limitations, we do not have the authority to issue a decision barring the government's claims based upon laches. Whether the government's claims are timely-filed depends upon the government's compliance with the statute of limitations, not application of the equitable doctrine of laches.

Citing Board precedent, appellant notes that motions to strike an affirmative defense "are not favored and will be denied if the defense fairly presents a question of law or fact" (app. resp. at 1 (quoting *Niking Corp.*, ASBCA No. 60731, 17-1 BCA ¶ 36,639 at 178,450 (additional citation omitted))). Appellant notes also that "a defense is good unless it appears to a certainty that [the opposing party] would succeed despite any state of facts which could be proved in support of the defense" (app. resp. at 1 (quoting *Niking*, 17-1 BCA ¶ 36,639 at 178,450 (additional citation omitted))). Unfortunately for appellant, no matter what facts appellant could establish in support of its affirmative defense, with the addition by Congress of a statute of limitations for CDA appeals, the defense of laches is now foreclosed by Congressional statutory mandate.

CONCLUSION

Exercising our considerable discretion in deciding motions to strike pursuant to FED. R. CIV. P. 12(f), we find appellant's affirmative defense of laches insufficient as a matter of law and grant the government's motion to strike. We have carefully considered appellant's remaining arguments and are not persuaded by them. The affirmative defense of laches is not properly available as a defense to the government's affirmative CDA claims, and is stricken from appellant's complaint.

Dated: September 23, 2021

DAVID B. STINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62703, 62704, Appeals of BAE Systems Land & Armaments L.P., rendered in conformance with the Board's Charter.

Dated: September 27, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

8