NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHEN DURR,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**UNITED STATES POSTAL SERVICE,**
*Intervenor*

---

2022-1072

---

Petition for review of the Merit Systems Protection Board in No. CH-4324-17-0324-M-1.

---

Decided: November 15, 2022

---

STEPHEN DURR, Chicago, IL, pro se.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch,

Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

————————————

Before CHEN, CLEVENGER, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Mr. Stephen Durr appeals a final decision of the Merit Systems Protection Board (Board or MSPB) dismissing his appeal alleging violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) by his former employer, the United States Postal Service (USPS). *See Durr v. U.S. Postal Serv.*, No. CH-4324-17-0324-M-1, 2021 WL 3287973 (M.S.P.B. July 30, 2021) (*Board Decision*) (SAppx. 1–19).[1] Because the Board did not abuse its discretion in finding the doctrine of laches applies, we *affirm*.

## BACKGROUND

Mr. Durr was honorably discharged from the U.S. Army in January 1993 and hired by USPS in March 1994. SAppx. 2, 32. On January 16, 1996, USPS recorded Mr. Durr as being absent without official leave (AWOL). SAppx. 2, 27. Mr. Durr continued to fail to report to work, and on April 24, 1996, USPS notified him of a proposal for his removal. *Id.* The notice gave Mr. Durr fourteen days to respond, but he did not respond. SAppx. 2, 28. On May 16, 1996, USPS sent Mr. Durr a letter noting his non-

————————————

[1] "SAppx." citations herein refer to the appendix filed concurrently with Respondent's brief. Additionally, because the reported version of the Board's decision is not paginated, citations herein are to the version of the Board decision included in the appendix—e.g., *Board Decision* at 1 can be found at SAppx. 1.

response to the removal proposal and informing him that he would be removed from service, effective June 1, 1996. SAppx. 29–30. The letter also notified Mr. Durr of his right to appeal "[the] decision . . . within 30 days from the effective date of [the] decision." SAppx. 29. Mr. Durr did not timely challenge his removal.

On May 14, 2015, nearly 20 years after his removal, Mr. Durr filed an appeal to the Board challenging his 1996 AWOL charge and his subsequent removal. SAppx. 2. An administrative judge dismissed that appeal, the Board affirmed, and we dismissed Mr. Durr's appeal of the Board's affirmance for failure to prosecute. *Durr v. Merit Sys. Prot. Bd.*, No. 2016-1700 (Fed. Cir. May 5, 2016).

Mr. Durr subsequently filed another appeal to the Board on April 10, 2017 requesting remedial action under USERRA. SAppx. 4. The administrative judge dismissed for lack of jurisdiction, which the Board made final. SAppx. 34. Mr. Durr subsequently appealed to this court, and we reversed the dismissal on the basis that Mr. Durr "raised allegations sufficient to establish the MSPB's jurisdiction over his appeal under USERRA" and remanded the case back to the Board. *Durr v. Merit Sys. Prot. Bd.*, 844 F. App'x 329, 331–32 (Fed. Cir. 2021).

On remand, USPS moved for dismissal based on the doctrine of laches. SAppx. 44–46. USPS contended Mr. Durr waited over twenty years to bring his USERRA claim and that he did not provide any explanation for the delay. SAppx. 44–45. USPS further asserted that the employees who had personal knowledge regarding Mr. Durr's removal were either retired or deceased. SAppx. 45. USPS also submitted a declaration by Tim Markland, Manager of Labor Relations for the Central Illinois District of USPS, explaining that the agency attempted, but was unable, to locate electronic or hardcopy records related to Mr. Durr's removal. SAppx. 45, 47–51. Mr. Markland's declaration explained he was unsurprised with the lack of

documentation because of a USPS policy stating retention of documents relating to disciplinary or adverse actions may not exceed 10 years beyond the employee's separation date. SAppx. 50 ¶ 9. USPS also averred it faced excessive back pay liability. SAppx. 46.

The administrative judge issued a show cause order asking why the appeal should not be dismissed based on the laches doctrine. SAppx. 56–58. Mr. Durr responded that USPS's inability to locate the documents related to his removal was due to inadequate recordkeeping. SAppx. 60. Mr. Durr further averred that he did not intentionally delay filing his appeal and that any delay was caused by mental incapacitation. SAppx. 64. Mr. Durr also contended that he did not discover he was wrongfully removed until May 2015. *Id.*

The administrative judge dismissed Mr. Durr's USERRA claim as barred by laches. *Board Decision* at 1–12. The administrative judge found Mr. Durr's twenty-one year delay in bringing his USERRA claim unreasonable and prejudicial to USPS's ability to respond. *Id.* at 11–12. While the administrative judge acknowledged Mr. Durr's medical diagnoses for various mental disorders, the judge found Mr. Durr was competent enough to stand trial on multiple occasions. *Id.* at 10–11. The administrative judge also found the medical evidence (1) showed that Mr. Durr could control his conditions through use of medication but that he refused medication on occasion and (2) did not show sufficient severity and duration of a mental disorder while Mr. Durr was taking medication. *Id.* at 9–11. The administrative judge's decision became the Board's final decision when Mr. Durr did not petition for Board review within 35 days. *See* 5 C.F.R. § 1201.113; *Board Decision* at 12–13.

Mr. Durr timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

A party claiming a laches defense must show "unreasonable delay by the petitioner, and prejudice to the respondent because of the delay." *Hoover v. Dep't of Navy*, 957 F.2d 861, 863 (Fed. Cir. 1992). We do not set aside a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" 5 U.S.C. § 7703(c); *see also Bridgestone/Firestone Rsch., Inc. v. Auto. Club de l'Ouest de la France*, 245 F.3d 1359, 1361 (Fed. Cir. 2001).

Mr. Durr's arguments do not persuade us that the Board abused its discretion in dismissing Mr. Durr's appeal. Substantial evidence supports the Board's finding that Mr. Durr's delay in bringing his USERRA claim was both unreasonable and prejudicial. USPS notified Mr. Durr of his removal and his right to appeal to the Board in 1996, yet he waited over twenty years after his removal to bring his USERRA claim to the Board. SAppx. 6. Mr. Durr's period of delay is considerably longer than in *Sleevi,* where we affirmed the Board's dismissal of an USERRA appeal based on the doctrine of laches because petitioner delayed thirteen years to file his claim. *Sleevi v. Merit Sys. Prot. Bd.*, No. 2021-1447, 2021 WL 2879045, at *1 (Fed. Cir. July 9, 2021). Moreover, Mr. Durr does not allege the Board incorrectly decided or failed to account for any facts, applied the wrong law, or failed to consider important grounds. *See* Pet. Informal Br. 2.

To the extent that Mr. Durr argues his delay was reasonable in light of his mental incapacitation, *see* Pet. Reply Br. ¶¶ 5–6, substantial evidence supports the Board's finding that Mr. Durr's mental conditions were not of such severity and duration to cause Mr. Durr's twenty-one-year delay in bringing his USERRA claim to be reasonable. Specifically, the Board relied on medical records showing Mr. Durr's mental conditions were controllable, such that he was competent to stand trial on various occasions during

the delay period, and that he would refuse medication. *See Board Decision* at 9–11. We do not discern any abuse of discretion in the Board's reasoning, which is supported by substantial evidence.

We also find substantial evidence supports the Board's determination that Mr. Durr's unreasonable delay prejudiced the USPS. Because of the long period between Mr. Durr's removal and his USERRA claim, documentation pertaining to Mr. Durr's removal no longer exists. SAppx. 7–8. Moreover, relevant personnel with knowledge of Mr. Durr's removal have retired or passed away. SAppx. 8–9. Mr. Durr makes no arguments to the contrary.

## CONCLUSION

We have considered Mr. Durr's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's dismissal of Mr. Durr's appeal based on the doctrine of laches.

## **AFFIRMED**

### COSTS

No costs.