# United States Court of Appeals for the Federal Circuit

---

**IN RE: THOMAS D. FOSTER, APC,**
*Appellant*

---

2023-1527

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 87981611.

---

Decided: May 7, 2025

---

THOMAS D. FOSTER, TDFoster - Intellectual Property Law, San Diego, CA, argued for appellant.

BRIAN JAMES SPRINGER, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for appellee Coke Morgan Stewart. Also represented by BRIAN M. BOYNTON, DANIEL TENNY; KAKOLI CAPRIHAN, CHRISTINA J. HIEBER, AMY J. NELSON, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

---

Before MOORE, *Chief Judge*, PROST and STOLL, *Circuit Judges*.

MOORE, *Chief Judge*.

Thomas D. Foster, APC (Foster) appeals a Trademark Trial and Appeal Board (Board) decision affirming the examining attorney's refusal to register the mark US SPACE FORCE pursuant to § 2(a) of the Lanham Act based on false suggestion of a connection with the United States. We affirm.

## BACKGROUND

In a March 13, 2018 speech covered by the national media, President Donald J. Trump proposed the formation of a sixth military branch to cover space operations called the "Space Force." J.A. 234. On March 19, 2018, Foster filed a trademark application under § 1(b) of the Lanham Act (15 U.S.C. § 1051(b)) based on an intent to use the mark US SPACE FORCE for a variety of goods and services. J.A. 39–50. In June 2018, President Trump issued a directive to create the U.S. Space Force and, in December 2019, Congress passed legislation officially establishing it as the sixth military branch.

The examining attorney refused to register Foster's mark for all classes of goods pursuant to § 2(a) of the Lanham Act (15 U.S.C. § 1052(a)) based on false suggestion of a connection with the United States. Foster appealed to the Board, which affirmed the refusal. *In re Foster*, No. 87981611, 2022 TTAB LEXIS 487 (T.T.A.B. Sept. 19, 2022) (*Final Decision*). Foster requested reconsideration, arguing the Board erred in its false connection analysis to the extent it did not credit Foster's filing of its intent-to-use application as constructive use of the mark and by relying upon evidence post-dating the filing date. J.A. 1361–62.

The Board denied reconsideration. *In re Foster*, No. 87981611, 2022 TTAB LEXIS 465 (T.T.A.B. Dec. 12, 2022) (*Reconsideration Decision*). Specifically, the Board held Foster was not the prior user even if the application's filing date was the constructive use date and found "ample" record evidence supporting its false connection analysis, even without considering evidence that post-dates the filing

date. *Id.* at \*8–9, \*13–14. Foster appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B) and 15 U.S.C. § 1071(a)(1).

## DISCUSSION

Section 2(a) of the Lanham Act bars trademark registration under certain circumstances, such as false suggestion of a connection. 15 U.S.C. § 1052(a). A trademark cannot be registered if it may "falsely suggest a connection with persons,[1] living or dead, institutions, beliefs, or national symbols." *Id.* This protects consumers from confusion as to the origin of goods and, importantly, also protects persons and institutions from exploitation of their persona. *Bridgestone/Firestone Rsch., Inc. v. Auto. Club De L'Quest De La France*, 245 F.3d 1359, 1363 (Fed. Cir. 2001).

Whether a mark falsely suggests a connection with persons or institutions, and is therefore unregistrable, is a question of law based upon underlying factual findings. *Cf. In re Geller*, 751 F.3d 1355, 1358 (Fed. Cir. 2014). We review the Board's ultimate legal conclusion as to registrability de novo and its factual findings for substantial evidence. *Id.*

Foster challenges the Board's false connection analysis under § 2(a), arguing (1) the Board improperly considered facts that post-date the application's filing date and (2) the Board's findings under the first two parts of the four-part false connection test are not supported by substantial evidence. Appellant Br. 15–25. We do not agree.

---

[1] The Lanham Act defines "person" to include "the United States, any agency or instrumentality thereof, or any individual, firm, or corporation acting for the United States and with the authorization and consent of the United States." 15 U.S.C. § 1127.

## I. Timing

The parties dispute the appropriate timing for assessing false suggestion of a connection—that is, whether facts after the application's filing date can be considered. Foster argues determining whether there is a false connection can only be based on facts prior to the application's filing date. Appellant Br. 15–22. The government argues the determination can be based on facts after the filing date. Appellee Br. 16 n.1.

We addressed the timing issue for false connection in *Piano Factory Group, Inc. v. Schiedmayer Celesta GmbH*, 11 F.4th 1363, 1379 (Fed. Cir. 2021). We held "the Board is required to assess the facts as of the time the mark was registered." Because *Piano Factory* involved a cancellation proceeding that occurred after the mark was registered on the Principal Register, "the time the mark was registered" was self-evident; it was the registration date on the Principal Register. *Id.* The present case, however, involves a refusal to register.

For a refusal to register, the appropriate timing cannot be the registration date because the mark was never registered. For other § 2 inquiries that occur before registration, our predecessor court suggested the Board can assess the facts as of the time the examination occurs. *R. J. Reynolds Tobacco Co. v. Am. Brands, Inc.*, 493 F.2d 1235, 1238 (C.C.P.A. 1974) (holding that evidence showing likelihood of confusion under § 2(d) in an opposition proceeding[2] can be considered "through the latest date permitted by the

---

[2]    An opposition proceeding, like a refusal to register, occurs when the application is pending and there has been no registration on the Principal Register. Accordingly, the appropriate timing for the Board to assess facts in a false connection analysis is the same for both an opposition proceeding and a refusal to register.

procedural rules of the Patent Office for taking testimony and presenting evidence"); *Application of Thunderbird Prods. Corp.*, 406 F.2d 1389, 1392 (C.C.P.A. 1969) (holding that evidence showing descriptiveness under § 2(e) in a refusal to register can be considered "at least to the time the application is acted on in the Patent Office"). And we have held that evidence showing distinctiveness under § 2(f) for a refusal to register can be considered through "the date of the Board's decision." *In re Chippendales USA, Inc.*, 622 F.3d 1346, 1354–56 (Fed. Cir. 2010). For consistency, we hold § 2(a) bars registration of a pending application for a mark that falsely suggests a connection as of the time of examination. The false connection inquiry can therefore include evidence that comes into existence during the examination process.

Here, the Patent and Trademark Office considered the registrability of Foster's mark during examination and did not end its analysis until the Board issued its December 12, 2022 *Reconsideration Decision* affirming the examiner's refusal to register. The appropriate timing to assess whether there was a false connection properly ran through December 12, 2022. On appeal, Foster fails to show the Board relied on evidence that post-dates the *Reconsideration Decision*. Accordingly, we hold the Board did not err in its consideration of the evidence in its false connection analysis.

## II. False Connection

To determine whether Foster's mark falsely suggested a connection, the Board applied the following four-part legal test:

> To establish that a proposed mark falsely suggests a connection with a person or an institution, it must be shown that:

> (1) the mark is the same as, or a close approximation of, the name or identity previously used by another person or institution;
>
> (2) the mark would be recognized as such, in that it points uniquely and unmistakably to that person or institution;
>
> (3) the person or institution named by the mark is not connected with the activities performed by the applicant under the mark; and
>
> (4) the fame or reputation of the person or institution is such that, when the mark is used with the applicant's goods or services, a connection with the person or institution would be presumed.

*Final Decision* at \*5–6 (citing *Univ. of Notre Dame Du Lac v. J.C. Gourmet Food Imps. Co.*, 703 F.2d 1372 (Fed. Cir. 1983)). The Board determined there was a false connection because all four parts of the test were satisfied. *Final Decision* at \*6–22; *Reconsideration Decision* at \*4–15. On appeal, Foster argues the Board's findings as to the first two parts are not supported by substantial evidence. Appellant Br. 14–25. We do not agree.

## A.

The four-part test provides a helpful framework to assess whether there is a false suggestion of a connection, but it is not an exhaustive list. For example, it does not include all factors addressed in *Notre Dame*, including whether there was evidence the mark holder intended to create a false association between his mark and the person, which would be "highly persuasive" of a false connection. 703 F.2d at 1377. Moreover, certain *DuPont* factors used to determine a likelihood of confusion under § 2(d) may be helpful in a false connection analysis depending on the factual situation, including, for example, the nature of the goods or

services. *See In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361 (C.C.P.A. 1973); *see also* 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 19:76 (5th ed. 2025) ("This 'false' association language is very much like the 'likelihood of confusion' language . . . .").

The first part of the false connection test asks whether "the mark is the same as, or a close approximation of, the name or identity previously used by another person or institution." The Board found Foster's US SPACE FORCE mark was the same as or a close approximation of a name or identity of the United States.[3] *Final Decision* at *6–9; *Reconsideration Decision* at *8–10. As an initial matter, the mark need not be identical to the name or identity. It would suffice if the US SPACE FORCE mark falsely suggests a connection to the United States, even if the U.S. Space Force entity had not come into existence. The issue is whether the US SPACE FORCE mark falsely suggests a

---

[3] The Board discusses whether the false suggestion of a connection is with the U.S. Space Force, the U.S. Government, an agency of the U.S. Government, a branch of the U.S. military, and/or President Trump. *Final Decision* at *2, *7, *10; *Reconsideration Decision* at *2, *11, *14. While the Board could have been clearer in its analysis, it is undisputed these are all instrumentalities of the United States and the connection is with the United States, particularly a military branch of the United States. *Final Decision* at *20 ("We agree with the Examining Attorney to the extent that various governmental entities, including the broad term U.S. Government to President Trump to the agency U.S. Space Force, can all be characterized as government instrumentalities and used interchangeably . . . .").

connection to the U.S., which undeniably has been used.[4] In this case, however, the United States was using the entirety of the mark, U.S. Space Force, during the relevant time.

The Board's finding that the mark is the same or a close approximation is supported by substantial evidence. The Board relied on President Trump's March 13, 2018 announcement before an audience of Marines at the Miramar Marine Corps Air Station in San Diego where he stated the United States was creating a new military branch called the U.S. Space Force. *Reconsideration Decision* at \*8–10. The Board also relied on national news coverage surrounding President Trump's announcement to show the name U.S. Space Force was associated with the U.S. military and widely known. *See, e.g.*, *id.* at \*9 n.13 (citing J.A. 809–12 (The Atlantic article)), n.14 (citing J.A. 816–22 (Newsweek article)). The record includes two other articles pre-dating the application's filing date, which also cover President Trump's announcement. J.A. 288–92 (CNBC); J.A. 563–68 (Vox). The Board further relied on evidence post-dating the application's filing date, including President Trump's June 18, 2018 speech where he directed Congress to create the U.S. Space Force; the official establishment of the U.S. Space Force on December 20, 2019; and continuing news coverage on the creation of the U.S. Space Force. *Final Decision* at \*8, \*10 nn.10–11. There is therefore substantial evidence supporting the Board's finding regarding the first factor.

---

[4] This is not to say that every use of United States or U.S. within a mark would falsely suggest a connection with the United States. It is a highly factual inquiry which takes into account a number of factors.

### B.

The second part of the false connection test is whether "the mark would be recognized as such, in that it points uniquely and unmistakably to that person or institution." The Board found Foster's US SPACE FORCE mark points uniquely and unmistakably to the United States. *Final Decision* at \*9–21; *Reconsideration Decision* at \*13–14.

The Board's finding is supported by substantial evidence. The Board relied upon President Trump's announcement and subsequent coverage in major news publications to show the mark US SPACE FORCE points uniquely and unmistakably to the United States, particularly a military branch called the U.S. Space Force. *Final Decision* at \*9–10; *Reconsideration Decision* at \*13–14. The Board also noted that Foster's mark and the name U.S. Space Force are identical. *Final Decision* at \*22. This is sufficient for substantial evidence. *See In re Charger Ventures LLC*, 64 F.4th 1375, 1381 (Fed. Cir. 2023).

Foster argues that certain evidence it submitted shows US SPACE FORCE does not point uniquely and unmistakably to the United States but makes no substantive arguments and merely provides a list of citations. Appellant Br. 24–25. This is insufficient to show the Board's finding lacked substantial evidence. *In re Jolley*, 308 F.3d 1317, 1320 (Fed. Cir. 2002) ("If the evidence in record will support several reasonable but contradictory [findings], we will not find the Board's decision unsupported by substantial evidence simply because the Board chose one [finding] over another plausible alternative.").

Foster does not challenge the Board's analysis on the remaining parts of the false connection test. Accordingly, we hold that substantial evidence supports the Board's findings under the false connection test.

CONCLUSION

We have considered Foster's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**